Judith Ann **IRICK** et al., Appellants,

v.

Dr. William H. **ANDREW**, Jr., Appellee.

**No. 1492.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 29, 1976.

Rehearings Denied Jan. 19, 1977.

**558**

Jim M. Perdue, J. Richard Cheney, Andrew L. Todesco, Miller, Gann & Perdue, Houston, for appellants.

J. Ritchie Field, James W. Steele, Deison, Crews, Field & Boyd, Conroe, for appellee.

CIRE, Justice.

This appeal is from a take-nothing judgment in a medical malpractice suit.

Appellant Judith Ann Irick received x-ray radiation treatment for plantar warts on her left foot in the summer of 1969 from Dr. William H. Andrew, Jr., a physician specializing in radiology. In January, 1973 she developed an ulcer in the area where the warts had been removed, a condition which diagnosis showed to have been caused by radiation. Miss Irick and her father, appellant Edgar J. Irick, then sued Dr. Andrew for damages, alleging the physician was negligent in four particulars: (1) failing to properly administer the x-ray treatment; (2) failing to keep a proper observation of the variables and factors important to a proper x-ray treatment; (3) failing to administer the proper x-ray dosage; and (4) giving the patient x-ray treatment for an excess period of time. Appellants further alleged that the person, instruments, equipment, and facilities causing harm to Miss Irick were under the exclusive control of the appellee and invoked the doctrine of *res ipsa loquitur.*

At trial, the testimony outlined the nature of Dr. Andrew's treatment, the extent of the alleged radiation damage to Miss Irick's foot, and the means used to treat the resulting ulcer. It was shown that during the radiation treatment, Dr. Andrew had complete control of the x-ray equipment. Dr. Andrew, under questioning by appellants' counsel, testified to the probability of complications occurring if proper radiation treatment was given:

Q Doctor, would you therefore agree if the proper dosage is given there is no injury to the normal tissue and to the patient?

A Yes, sir.

Q And the proper treatment in this case would have been to kill the offending warts without injury, without causing injury to the normal tissue?

A Yes, sir.

Q And if the proper treatment is rendered to a patient there are no extra complications or results, are there?

A I wouldn't agree with that. Sometimes there are things that happen that can't be explained.

\* \* \* \* \* \*

Q Doctor, would you agree that to exceed the tolerance dosage for normal tissue causes complications to the patient?

A Yes, sir.

Q In the ordinary course of things then, Doctor, injury to a patient does not occur if the proper care is used in the treatment planning of a patient?

A Ordinarily not, but again things happen sometimes that can't be explained.

Also, appellants had read into evidence the deposition of Dr. Warren M. Granberry, an orthopedic surgeon who treated the ulcer on Miss Irick's foot; he diagnosed the condition as a non-healed post-radiation ulcer. Miss Irick later testified that she had received no other x-ray treatment on her foot since that given her by Dr. Andrew in the summer of 1969.

The case was submitted to the jury on four special issues. In addition, the trial court submitted this instruction:

You are instructed that an unexpected result, bad result, failure to cure, or any other circumstance showing merely a lack

of success, is not evidence of negligence on the part of the defendant physician; negligence cannot be inferred solely from a failure to cure or unexpected result. In attempting to submit the case under the doctrine of *res ipsa loquitur*, appellants requested an instruction on that theory, which was refused by the court. The jury found Miss Irick sustained a radiation injury to her left foot while under Dr. Andrew's care, but found no negligence. The court entered a take-nothing judgment.

█ Appellants' points of error one and two complain of the trial court's refusal to submit the instruction on *res ipsa loquitur*. Under well-settled principles, this doctrine may apply to cases in which the character of the accident is such that it would not ordinarily occur in the absence of negligence and where the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex.Sup.1974). Use of *res ipsa loquitur* in medical malpractice cases is limited in Texas to instances where the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony. Such cases include negligence in the use of mechanical instruments, operating on the wrong part of the body, or leaving surgical equipment inside the body. *Rayner v. John Buist Chester Hosp.*, 526 S.W.2d 637, 639 (Tex.Civ.App.-Waco 1975, writ ref'd n.r.e.). The doctrine does not apply to the present case. The use of x-ray apparatus is not a matter plainly within the common knowledge of laymen. Moreover, although appellant has presented evidence that the treating physician was in control of the x-ray equipment, there is no expert testimony that the epidermal damage suffered does not ordinarily occur in the absence of negligence. Dr. Andrew's agreement with the suggestion of appellants' counsel that ordinarily complications do not occur under proper treatment does not make this a case for *res ipsa loquitur*. The mere fact that an unfavorable result is somewhat rare does not give rise to the inference of negligence. *Southwest Texas Methodist Hosp. v. Mills*, 535 S.W.2d 27, 30 (Tex.Civ.App.-Tyler 1976, writ ref'd n.r.e.). These points are overruled.

One of the arguments made by appellants in their brief urging this court to apply *res ipsa loquitur* to this case is the "conspiracy of silence" alleged to exist among the members of the medical profession. Although appellants' brief cites considerable judicial and scholarly authority on the subject, they have presented absolutely no evidence that they had any difficulty in obtaining expert medical witnesses for this case.

█ In their third point of error, appellants contend it was error to submit the instruction quoted above. As discussed above, there was no medical testimony that the damage in this case would not ordinarily occur unless the treating physician was negligent and the case was therefore not to be submitted under *res ipsa loquitur*. But there was some evidence that Dr. Andrew administered an improper dosage of radiation, and the jury was entitled to consider the radiation burn along with the other evidence in determining the question of the doctor's negligence. The instruction was thus an improper statement of the law as applied to this case. *Forney v. Memorial Hosp.*, 543 S.W.2d 705 (Tex.Civ.App.-Beaumont 1976, no writ). This point is sustained.

Reversed and remanded.