Mel LEMOS, Appellant,

v.

Alfred R. MONTEZ and Seven-Up Bottling Co. of Corpus Christi, Appellees.

No. 13–82–223–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 22, 1983.

Rehearing Denied Oct. 27, 1983 (overruled).

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellant.

J. Chris Rodriguez and Douglas E. Chaves, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

This is an appeal from a take-nothing judgment rendered in a automobile-truck collision suit.

On December 27, 1979 a 1974 GMC truck owned by 7-Up—Coca Cola Bottling Company backed into a 1973 Volkswagon in which appellant was a passenger. The colli-

sion occurred on Mexico Street about thirty-five (35) feet from its intersection with Leopard Street in Corpus Christi, Texas. Upon trial before a jury, special issues were answered against appellant (plaintiff) and a take nothing judgment was entered. Appellant timely perfected this appeal.

In his first and second points of error, appellant complains of the trial court's instruction number six, which reads in whole:

"The mere happening of a collision of motor vehicles is not evidence of negligence. An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it."

■ Appellant argues that the first sentence of the instruction is an impermissible comment on the weight of the evidence and not properly includable as a part of the definition of unavoidable accident. In addition, appellant argues that the trial court erred in the submission of the unavoidable accident instruction since there was no testimony in the record to justify it's submission. We disagree with both of appellant's contentions.

Appellant cites the case of *Irick v. Andrews,* 545 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) to support his contention that the trial court erred by including the following sentence before the definition of unavoidable accident:

"The mere happening of a collision of motor vehicles is not evidence of negligence."

In *Irick,* a medical malpractice case, a physician specializing in radiology was sued for negligence in administering radiation treatment for the removal of plantar warts on plaintiff's left foot. The Court held that the following instruction was an improper statement of the law as applied to that case:

"You are instructed that an unexpected result, bad result, failure to cure, or any other circumstance showing merely a lack of success, *is not evidence* of negligence on the part of the defendant physician; negligence cannot be inferred solely from

a failure to cure or unexpected result." (Emphasis Added)

The Court held that since there was some evidence that the physician had administered an improper dosage of radiation, the jury was entitled to consider the evidence in determining the question of the doctor's negligence. Thus, it was improper for the Court to instruct the jury otherwise. In our case, unlike the situation in *Irick,* the Court did not instruct the jury that they could not find negligence on the part of either or both of the parties involved. Nor can it be argued that the statement alone is an improper statement of the law. See *Wells v. Texas Pac. Coal & Oil Co.,* 140 Tex. 2, 164 S.W.2d 660 (1942). Appellant's reliance on the *Irick* decision is misplaced.

Appellant also cites the case of *Levermann v. Cartall,* 393 S.W.2d 931 (Tex.Civ. App.—San Antonio 1965, writ ref'd n.r.e.). In Levermann, also a medical malpractice case, the trial court submitted the following instructions:

"You are further instructed as a part of the law of this case, that a medical doctor is not an insurer or guarantor of his work; neither is he responsible in law for an honest mistake in judgment, unless such mistake is due to a want of ordinary care, as the term 'ordinary care' has been defined hereinabove."

The Court of Civil Appeals held that this instructions was improper since it did not refer to any particular issue or term used in the charge, was not necessary to assist the jury in answering any issue, and because there was no pleading or evidence of "honest mistake." In our case, we hold that the first sentence of the instruction could reasonably be considered as assisting the jury in understanding the negligence issue, particularly in light of the unavoidable accident definition. As such, the instruction was not improper.

Appellant argues that the sentence in question is an impermissible comment on the weight to be given the evidence. In *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 102 (Tex.Civ.App.—

Amarillo 1971, writ ref'd n.r.e.), the Court said:

> To constitute a comment on the weight of the evidence, the special issue must be worded so as to indicate an opinion by the trial court as to the verity of the fact inquired about. In our opinion the issue did not assume the nature of the answer.

This principle applies equally to an instruction in the charge. In *McDonald Transit, Inv. v. Moore*, 565 S.W.2d 43, 45 (Tex.1978), our Supreme Court said:

> Under Rule 277 it is mandatory that an *instruction* not be worded so as to indicate the opinion of the trial judge as to the verity or accuracy of the facts in inquiry. (emphasis added)

The First Court of Civil Appeals in Houston has approved a similar instruction as submitted in our case which "called the attention of the jury to the fact that an accident may occur which was not proximately caused by the negligence of any party to it, and that the mere occurrence of the accident does not necessarily imply negligence on the part of any party to it." *Molina v. Payless Foods, Inc.*, 615 S.W.2d 944, 947 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In our case, the instruction does not indicate any opinion by the trial court that the occurrence was or was not an unavoidable accident. We conclude that the instruction is not a direct comment on the weight of the evidence. See Tex.R. Civ.P. 277.

■ We note that the better practice in submitting the unavoidable accident instruction is to follow strictly the guidance of the Supreme Court when they said that the purpose in submitting the issue is "fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit." *Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449 (1941). While we do not specifically approve of the language used in the instruction in this case we are not convinced that the error, if any, was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

*Davis v. Thompson*, 581 S.W.2d 282 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Nor was it improper for the trial court to submit an instruction on unavoidable accident. As our Supreme Court noted in Wheeler, supra:

> "The only legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of."

Unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event. *Yarborough v. Berner*, 467 S.W.2d 188 (Tex.1971). In *Yarborough*, the Court stated that unavoidable accident is raised when evidence is present to show that some non-human condition such as fog, wet pavement, or obstruction to vision is involved. See *Hodges, Special Issues Submission in Texas*, Sec. 19 (1959).

■ In our case there was testimony by the appellant that due to the fact that there were several cars parked at the corner of the intersection of Leopard and Mexico Streets, in all probability the vision of an ordinary person would have been blocked. Since the plaintiff in this case was not the driver of the vehicle he did not testify as to whether the driver's vision was in fact obstructed. The appellee testified that a line of cars was parked in front of the gas station in question which partially obscured traffic on Leopard Street. Unavoidable accident was properly plead. We hold that the evidence was legally sufficient to support an instruction on unavoidable accident. Point of error number two is overruled.

■ In point of error number three appellant complains of the trial court's refusal to submit a requested instruction on the failure to yield right-of-way. This point is not supported by authority and will be overruled. *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ.App.—Austin 1979, writ ref'd n.r. e.); Tex.R.Civ.P. 418(e). We note in pass-

ing that the trial court did give an instruction on the statutory requirements of backing up safely without interfering with other traffic.

In his fourth point of error appellant alleges that subpart "D" of special issue number 1 is an affirmative submission of defendant's inférrential rebuttal defense of unavoidable accident and thus contrary to Rule 277, Tex.R.Civ.P. Special Issue number 1 reads:

"Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the collision of December 27, 1979 made the basis of this suit?"

Answer with one of the following:

(a) Alfred R. Montez

(b) Ignacio Nat Arrellano

(c) both

(d) neither.

The jury's answer to special number one was (d) neither.

 Submission of the negligence issue in this form was not improper. The Supreme Court effectively transformed the unavoidable accident special issue into an instruction by amending Rule 277, Tex.R. Civ.P., effective September 1, 1973, which now prohibits the submission of inferential rebuttal issues. Thus, special issues on unavoidable accident should not be submitted. This does not, however, prohibit the broad form of submission of special issues. See *Pate v. Southern Pacific Transportation Company,* 567 S.W.2d 805 (Tex.Civ.App.— Houston [14th Dist.], 1977, writ ref'd n.r.e.); *Members Mutual Insurance Company v. Muckelroy,* 523 S.W.2d 77 (Tex.Civ.App.— Houston [14th Dist.], 1975, writ ref'd n.r.e.). Appellant's fourth point of error is overruled.

In points of error five through seven, by legal and factual insufficiency points, appellant complains of the jury's finding that neither appellant or appellee was negligent. Our consideration of these points is controlled by well established rules of law. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *In Re King's Estate,* 150 Tex. 662, 244

S.W.2d 660 (1951). Considering all of the evidence presented we are of the opinion that the jury's finding is supported by the evidence.

In points of error eight through ten, appellant complains of the jury's failure to award damages for personal injuries received from the collision. Since the jury found that neither party was the cause of the collision, there was no basis for liability and the damage issues became immaterial. *Southern Pine Lumber v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (1939); *Corpus Christi National Bank v. Gerdes,* 551 S.W.2d 521, 525 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The judgment of the trial court is AFFIRMED.