**Fidel MOLINA, Individually and As Next Friend of Mindy Sue Molina, a Minor, Appellants,**

v.

**PAYLESS FOODS, INC., Appellee.**

No. 17966.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 30, 1981.

Paul A. Lockman, Lockman & Line, Dallas, for appellants.

R. Biechlin, Jr., Thornton, Summers, Brock & Biechlin, San Antonio, for appellees.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This a personal injury suit. Based upon jury findings the trial court entered a take nothing judgment. The judgment will be affirmed.

It was the plaintiffs' position during the trial that there was a dangerous condition existing on the sidewalk near the back entrance to a retail store owned by the defendant. This consisted of a railing made of two inch iron pipe approximately twelve feet long which was leaning at an angle against the wall of the building. The railing had been in this position for about four or five months. Mary Molina had taken

Mindy Sue, age two years, and her other two daughters, ages four and six, to the Payless store for ice cream. The older children came out of the store first and got into the car. While Mindy Sue was trying to take the wrapping off an ice cream bar, she bumped the railing with her elbow causing it to tip over and crush her hand. Mrs. Molina asserted that the railing appeared to be standing straight up, rather than at an angle to the wall. All of these contentions were supported by testimony at the trial.

There was other testimony to the effect that the railing was checked and found to be in a secure position and was leaning at a forty-five degree angle near the back door. A salesman was present at the time the accident occurred and testified that there were children moving around as he came out of the store. He saw Mindy sitting on the sidewalk and two adult ladies standing nearby. As he walked toward his car he heard a noise and when he turned around he saw the older child standing by the railing, which had fallen on Mindy.

Special issue number one inquired whether the metal railing leaning against the wall of the Payless Food Store constituted a dangerous condition. The jury was instructed that a dangerous condition is one which involves an unreasonable risk of harm to persons on the defendant's premises. The jury answered "we do not."

■ If there is evidence of probative force tending to prove the existence of a vital fact and evidence tending to disprove its existence and the point of error is that the finding is against the great weight and preponderance of the evidence, the rule by which the Court of Civil Appeals should be guided in passing on the point is simple even if the conclusion to be reached in a particular case is difficult. If the finding of the existence of the fact, considering all of the evidence, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, the court should sustain the point and order a new trial; otherwise the court should overrule the point and affirm. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

■ It is undisputed that the defendant's manager knew that the railing was leaning against the wall. He stated that he had tested it and found it to be in a secure position. On the other hand Mrs. Molina testified that it was in an upright and unstable condition. There is no definite, common objective test which may be applied to determine whether a condition presents an unreasonable risk of harm. There was testimony that it had never fallen before. After considering all of the evidence we conclude that the jury's finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex. 1970).

The trial court also submitted to the jury an instruction on unavoidable accident. The appellant contends that there was factually insufficient evidence to present a question as to unavoidable accident and also that it erred in submitting the instruction because it constituted a comment on the weight of the evidence.

■ Unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event. The plaintiff and one of her sisters were so young as to be incapable of negligence. There was testimony that Mindy Sue brushed against the railing causing it to fall. There was also testimony that the conduct of the older child caused the railing to fall. The evidence is legally sufficient to support an instruction on unavoidable accident.

■ To constitute a comment on the weight of the evidence, the instruction must be worded so as to indicate an opinion by the trial court as to the verity of the fact inquired about. The instruction given by the trial court does not indicate any opinion

that the occurrence was or was not an unavoidable accident. It is not a direct comment on the weight of the evidence. In *Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449, 452 (1941), our Supreme Court stated:

> The only legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of.

The instructions submitted by the trial court called the attention of the jury to the fact that an accident may occur which was not proximately caused by the negligence of any party to it, and that the mere occurrence of the accident does not necessarily imply negligence on the part of any party to it. This instruction did not constitute a comment on the weight of the evidence.

The judgment is affirmed.