Mel LEMOS, Petitioner,

v.

Alfred R. MONTEZ et al., Respondents.

No. C–2620.

Supreme Court of Texas.

Nov. 14, 1984.

Rehearing Denied Dec. 19, 1984.

Bonilla, Read, Bonilla & Berlanga, Inc., Edwards, McMains & Constant, Russell H. McMains, Corpus Christi, for petitioner.

Kleberg, Dyer, Redford & Weil, Douglas E. Chaves and Joseph C. Rodriguez, Corpus Christi, for respondents.

POPE, Chief Justice.

The questions presented for review are whether the trial court erred in submitting an unavoidable accident issue to the jury in this traffic accident case and in giving an instruction that the happening of a collision is not evidence of negligence. Mel Lemos sued Alfred R. Montez and Seven-Up Bottling Company of Corpus Christi for damages arising when Montez backed a Seven-Up truck into Lemos' Volkswagen. The trial court rendered a judgment on the verdict that plaintiff Lemos take nothing, and the court of appeals affirmed the judgment. 659 S.W.2d 145. We reverse the judgments of the courts below and remand the cause for trial.

On the afternoon of December 27, 1979, plaintiff Mel Lemos was a passenger in his Volkswagen that was being driven by Ignacio Arrellano. The Lemos vehicle was proceeding in an easterly direction in the right hand lane of Leopard Street in Corpus Christi. It was following a six-wheel Seven-Up truck driven by Alfred Montez. The Seven-Up truck turned to the right, that is to the south, on Mexico Street, and Arrellano followed in the Volkswagen, making the same turn to the right on Mexico. There were no other moving vehicles going either direction on Mexico Street south of Leopard.

After turning south on Mexico, the Volkswagen proceeded some thirty or thirty-five feet and stopped on the traveled part of Mexico Street. These facts are not disputed. There is dispute, though not material, about the movement of the Seven-Up truck. Lemos testified that the Volkswagen stopped because the Seven-Up truck began backing northward on Mexico toward the Volkswagen. Lemos said that the red rear light of the truck was flashing, and the truck backed into and struck the Lemos Volkswagen directly in front, damaging the Volkswagen and injuring him.

Defendant Montez recalled the facts differently. He said he turned right from Leopard Street onto Mexico Street, but instead of driving straight down Mexico Street, he kept turning the truck to the right to enter a service station on the southwest corner of Leopard and Mexico, where he was going to purchase gasoline. He said that he did not drive the truck close enough to the pump, so he backed the Seven-Up truck in an easterly direction out of the service station property and into Mexico Street. He intended to drive back into the station to position the truck closer to the pump. He testified that while backing, there was an area behind the large Seven-Up truck which he could not see in his rear view mirrors. Montez explained that he heard the sound of the Volkswagen horn and slammed on the brakes, but the vehicles collided. He testified that he did not see the Volkswagen until after the accident.

The undisputed evidence is that Montez was backing the truck blindly in whatever direction it was moving. Montez' excuse for the collision was that four or five cars parked in the service station property along Leopard Street obscured his vision. Those cars, however, were north of the Seven-Up truck, not east of it. They could not possibly have obscured Montez' vision in the direction in which he was backing the truck.

By adding the option of "neither" to the broad negligence—proximate cause special issue, the trial court in effect submitted a special issue on unavoidable accident. Plaintiff Lemos objected that it was an inferential rebuttal issue and that there was no evidence of unavoidable accident. The trial court also overruled Lemos' objection to the instruction that the happening of a collision is not evidence of negligence. The instruction and special issue submitted to the jury, and its response, were as follows:

The mere happening of a collision of motor vehicles is not evidence of negligence. An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it.

\* \* \* \* \* \*

Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the collision of December 27, 1979 made the basis of this suit?

Answer with one of the following:
(a) Alfred R. Montez
(b) Ignacio Nat Arrellano
(c) Both
(d) Neither
Answer: (d) Neither

Since 1973, the use of broad issues in the trial of cases has been approved. Rule 277, Tex.R.Civ.P., specifically authorizes broad submissions. In *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974), this court expressly approved broad negligence issues. We have permitted the submissions of negligence and proximate cause issues in a single issue. *Members Mutual Insurance Co. v. Muckelroy*, 523 S.W.2d 77 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). We later approved the *Muckelroy* submission in *Scott v. Atchison, Topeka & Santa Fe Ry. Co.*, 572 S.W.2d 273 (Tex.1978). The *Muckelroy* charge did not, however, include in its alternative jury answers the blank for an answer of "Neither."

In the subsequent case of *Pate v. Southern Pacific Transportation Co.*, 567 S.W.2d 805 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), the court in-

cluded among its inquiries, after the broad issue, spaces for answers as to the negligence of each party, followed by a blank space to indicate "No one." On appeal, the attack upon the judgment was addressed only to the broad form of the issue, but not to the alternative answer. The court of appeals correctly approved the submission. Because there was no objection or point on appeal that complained of what might be termed an unavoidable accident issue, the court of appeals did not address it.

Prior to our decision in *Yarborough v. Berner*, 467 S.W.2d 188 (Tex.1971), a plaintiff was required to submit an issue and to obtain a finding that negated unavoidable accident. We held in *Yarborough* that the special issue inquiring about unavoidable accident should not be submitted because it was an inferential rebuttal issue that required the plaintiff to prove the nonexistence of an affirmative defense. We also said that the issue had produced confusion, was a trap for the jury, sometimes created conflicts in jury answers, and was one of the issues that defeated a simple submission of issues to juries. Since 1971, the rule has been that an issue asking a jury about unavoidable accident is improper. Rule 277, Tex.R.Civ.P., expressly prohibits the submission of inferential rebuttal issues.

In this case, the trial court has submitted, in new form, an issue that compels the plaintiff to negate unavoidable accident. To prevail, plaintiff Lemos had to negate a finding of "Neither." A finding of "Neither" equals unavoidable accident which is defined as "an event not proximately caused by the negligence of any party to it." The inquiry is a return to the condemned inferential rebuttal issue.

▬▬ The choices that should have been submitted to the jury in this case are subdivisions (a) and (b) of the issue, that is, whether defendant Montez' negligence proximately caused the collision and (b) whether Arrellano's negligence proximately caused the collision. The jury can find that the negligence of either, neither, or both caused the accident by their answers to subdivisions (a) and (b). Subdivisions (c) "Both" and (d) "Neither" are not proper whether there is evidence of unavoidable accident or not. A proper way to submit the issue when there is evidence that neither driver proximately caused the accident would be to include the correct definition of "unavoidable accident" and ask:

> Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the collision of December 27, 1979 made the basis of this suit?
>
> |  | Yes | No |
> |---|---|---|
> | (a) Alfred R. Montez | ___ | ___ |
> | (b) Ignacio Nat Arrellano | ___ | ___ |

The inquiry about "Neither" should not have been submitted for another reason. Unavoidable accident was not raised by the evidence in this case and the court erred in giving the instruction. The argument of defendants Montez and Seven-Up was that Montez' view toward Leopard Street, that is to the north, was obstructed by parked cars. The operative facts about the collision show that when Montez began to back into Mexico Street he was looking or should have been looking to his rear, which was toward the east. His lookout or view, according to his own testimony, was in the direction toward which he was blindly backing, that is, to the east toward Mexico Street. If, while backing, Montez was looking in the wrong direction toward Leopard Street, he was not keeping a proper lookout as a matter of law. The parked cars toward the north had nothing to do with Montez' view toward the east. This is not a fact situation for an instruction concerning unavoidable accident and, on remand, upon similar facts, the instruction should not be given. This case concerned only negligence. *Dallas Railway & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379 (1952); *Hicks v. Brown*, 136 Tex. 399, 151 S.W.2d 790 (1941).

Plaintiff Lemos also objected to the court's charge that appended to the correct definition of unavoidable accident the words, "[T]he mere happening of a collision

of motor vehicles is not evidence of negligence." The correct definition of unavoidable accident has been settled since our decision in *Dallas Railway & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379, 385 (1952). The definition used in *Bailey* is carried forward in our Pattern Jury Charges. 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES § 3.03 (1969). This court has not indicated to the bench and bar that the definition should be embellished with the addendum.

█ The extra instruction is also wrong. *Res ipsa loquitur* cases exemplify situations in which negligence can be inferred from the happening itself. Backing blindly into a vehicle that is lawfully headed in the right direction can be some evidence of negligence. A collision between an unoccupied vehicle that rolls down an inclined driveway into another vehicle or a child may be evidence that brakes were defective or not set. The court of appeals cites as authority for its approval of the trial court's instruction *Molina v. Payless Foods, Inc.,* 615 S.W.2d 944, 947 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ). The instruction in *Molina,* unlike the one in this case, was, "the mere occurrence of an accident does not necessarily imply negligence." There is a material difference between an instruction that the happening "is not" negligence and an instruction that the happening "does not necessarily imply" negligence. The jury does not need either instruction. This court has treated addenda to the charge as impermissible comments that tilt or nudge the jury one way or the other. *Acord v. General Motors Corp.,* 669 S.W.2d 111 (Tex.1984); *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449 (Tex.1978); *see Irick v. Andrew,* 545 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Levermann v. Cartall,* 393 S.W.2d 931 (Tex. Civ.App.—San Antonio 1965, writ ref'd n.r. e.).

Prior to 1913 there was such a gradual accumulation of instructions considered helpful to juries, that an errorless charge became almost impossible. In 1913, to escape from the unsuccessful general charge, the Texas Legislature enacted article 1984a. Submission of Special Issues Act, ch. 59, § 1, 1913 Tex.Gen.Laws 113. The new procedure required the use of special issues that would be submitted separately and distinctly.

In 1973, after sixty years, it became apparent that Texas courts, while escaping from the voluminous instructions to jurors, had substituted in the place of instructions, a jury system that was overloaded with granulated issues to the point that jury trials were again ineffective. The Supreme Court in 1973 amended Rule 277, Tex.R. Civ.P., by abolishing the requirement that issues be submitted distinctly and separately. Since that time, broad issues have been repeatedly approved by this court as the correct method for jury submission.

This court's approval and adoption of the broad issue submission was not a signal to devise new or different instructions and definitions. We have learned from history that the growth and proliferation of both instructions and issues come one sentence at a time. For every thrust by the plaintiff for an instruction or an issue, there comes a parry by the defendant. Once begun, the instructive aids and balancing issues multiply. Judicial history teaches that broad issues and accepted definitions suffice and that a workable jury system demands strict adherence to simplicity in jury charges.

We reverse the judgments of the courts below and remand the cause to the trial court.