PRUDENTIAL INSURANCE COMPANY OF AMERICA and the Joe Foster Company, Appellants,

v.

William T. HENSON and Revco D.S. Inc., Appellees.

No. 11–87–106–CV.

Court of Appeals of Texas, Eastland.

April 28, 1988.

---

Martha Vollers Swanger, Robert R. Roby, Gwinn & Roby, Dallas, for appellants.

H. Dee Johnson, John Exline, Matthews, Kroemer, Johnson & Turner, Robert D. Allen, Todd Clement, Vial, Hamilton, Koch & Knox, Dallas, for appellees.

## OPINION

ARNOT, Justice.

Dr. William T. Henson, a dentist, recovered $729,795.13 in damages against the owner-landlord of a shopping center, Prudential Insurance Company of America, and the center's manager and operator, the Joe Foster Company, for injuries he received when he slipped and fell on a patch of ice on the sidewalk as he exited a Revco drug store. Finding that Prudential had contractually assumed the duty to maintain the sidewalk, the trial court granted a summary judgment dismissing the case against Revco D.S., Inc., an original defendant in this case. Prudential and Foster appeal, complaining of the broad-form submission of the special issue on negligence used in a slip-and-fall case. Because the issue as submitted contains all of the elements of a slip-and-fall negligence case, we affirm.

The cause was submitted to the jury on the following definitions, instructions and special issues:

"NEGLIGENCE" by an owner or occupier of premises is the failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the occupier knows about or in the exercise of ordinary care should know about.

An owner or occupier's negligence depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition.

SPECIAL ISSUE NO. 1

Whose negligence, if any, do you find from a preponderance of the evidence was a proximate cause of the occurrence made the basis of this suit?

Answer "Yes" or "No" for each party.

AN- (a) Joe Foster Management
SWER:  Company   Yes
   (b) Bill Henson   Yes

If you have answered Special Issue No. 1 "Yes" as to more than one party, then answer Special Issue No. 2. Otherwise, do not answer Special Issue No. 2.

SPECIAL ISSUE NO. 2

What percentage of the negligence that caused the occurrence do you find from a preponderance of the evidence to be attributable to each of the parties you have found negligent?

The percentage of negligence attributable to a party is not necessarily measured by the number of acts or omissions found.

Answer by stating the percentage, if any, opposite each name.

AN- (a) Joe Foster Management
SWER:  Company   60 %
   (b) Bill Henson   40 %

In its discussion in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983), the Court stated:

In subsequent cases, we emphasized that an invitee's suit against a store owner is a simple negligence action. See *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536, 537 (Tex.1975); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 521 (Tex.1978). As a result, the standard of conduct required of a premises occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all the pertinent circumstances. Section 343 [RESTATEMENT (SECOND) OF TORTS (1965)] simply tailors the traditional test of the conduct of a reasonably prudent person to a specific category of defendants, namely, premises occupiers. Consequently, an occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompany-

ing a premises condition, not on whether a specific set of facts or a specific breach of duty is established.

The Court established the following essential elements of a slip-and-fall case:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

Appellants urge that the submission of a slip-and-fall case is dictated by *Hernandez v. Kroger Company*, 711 S.W.2d 3 (Tex. 1986). The special issues requested by the plaintiff in *Hernandez* were in substantially the same form as the above essential elements outlined in *Corbin*. Appellees argue that submission must be in a broad form as prescribed in Lemos v. Montez, 680 S.W.2d 798 (Tex.1984). Because *Hernandez* is a post-*Lemos* decision by the Supreme Court and because the Supreme Court held "the issues requested by Hernandez were proper and that the trial court erred in not submitting the case to the jury upon these issues," appellants argue that *Hernandez* mandates submission of separate special issues for each element outlined in *Corbin*. We disagree.

TEX.R.CIV.P. 277 provides that:

In all jury cases the court shall, *whenever feasible*, submit the cause upon broad-form questions. The court shall submit such instruction and definitions as shall be proper to enable the jury to render a verdict. (Emphasis added)

Broad-form submissions are preferable but not mandatory. In *Lemos*, the Court recited that "[w]e have permitted the submissions of negligence and proximate cause issues in a single issue."

In this case, the instruction and broad-form submission of negligence and proximate cause contain all the essential elements of a slip-and-fall case as discussed in *Corbin*. Rule 277 provides for broad-form submission when feasible. *Hernandez* rec-ognizes that it is also acceptable to submit each essential element of *Corbin* as individual special issues. *Corbin* points out that slip-and-fall cases are simple negligence actions with a specific category of defendants/premise occupiers, and *Lemos* encourages broad-form submission in negligence actions. We find no error in the broad-form submission with the accompanying definition and instruction. Appellants' point of error is overruled.

In its next point of error, appellants argue that the trial court erred in granting Revco D.S., Inc., the tenant, an original defendant in the action, a summary judgment dismissing it from the action. Appellants urge that they lost their right to seek contribution against Revco. However, appellants did not ask for any affirmative relief or contribution against Revco in the original action. Because they sought no recovery against Revco, appellants cannot now complain of Revco's dismissal from the suit; and they have waived their claim. TEX.CIV.PRAC. & REM.CODE ANN. sec. 33.017 (Vernon 1986).

Because we are not convinced that this appeal was taken for the purpose of delay and without sufficient cause, we deny Henson's request that we award him damages pursuant to TEX.R.APP.P. 84.

Appellants' points of error and appellees' cross-point of error are overruled. The judgment of the trial court is affirmed.