Leland WISENBARGER, Appellant,

v.

GONZALES WARM SPRINGS REHA-
BILITATION HOSPITAL,
INC., Appellee.

No. 13–89–226–CV.

Court of Appeals of Texas,
Corpus Christi.

May 3, 1990.

Rehearing Overruled May 17, 1990.

 

William J. Tinning, Law Office of William J. Tinning, Corpus Christi, for appellant.

Peter R. Meeker, Kevin A. Reed, Davis & Davis, Austin, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Leland Wisenbarger appeals a take-nothing judgment in his suit for medical negligence against Gonzales Warm Springs Rehabilitation Hospital, Inc. By six points of error, Wisenbarger contends that the trial court erred in including an instruction on unavoidable accident in the jury charge and in granting an interlocutory summary judgment for Warm Springs on his Deceptive Trade Practices Act (DTPA) cause of action. We affirm the judgment of the trial court.

Wisenbarger broke his back and severed his spine when he was thrown from his motorcycle after colliding with an automobile, rendering him paraplegic at the age of seventy-four. His initial treatment at Humana Hospital included repair of his broken back by surgical insertion of supporting rods and topical medication of a four-by-six inch road burn on the lower or sacral part of his back. A bed sore, or decubitus ulcer, subsequently developed on Wisenbarger's lower back on the area of the road burn. This decubitus ulcer was treated with topical ointments and wrappings.

After approximately three weeks at Humana, Wisenbarger transferred to Warm Springs to learn how to take care of himself as a paraplegic. At the time of his transfer and during his stay at Warm Springs, he wore a body jacket to protect his back while it healed from the accident and surgery. This jacket covered the decubitus ulcer on his lower back. During the two-month stay at Warm Springs, the bed sore on Wisenbarger's lower back was treated daily with ointments, whirlpool baths, and removal of dead tissue. Despite the medical attention, the decubitus ulcer progressed to the most serious stage, stage four, exposing his spinal cord. The decubitus ulcer was at stage four when Wisenbarger was released from Warm Springs and, in order to properly treat the ulcer, his treating physician at Warm Springs prescribed home health care. After ten days of home health care, Wisenbarger elected to have a plastic surgeon close his decubi-

tus ulcer; his option was to let the ulcer heal without surgery.

Wisenbarger sued Warm Springs under the DTPA, and for breach of implied warranty, negligence, negligence per se, and gross negligence, asking for damages for mental anguish, disfigurement and medical expenses. Upon Warm Springs' motion for summary judgment, the causes of action brought under the DTPA and for breach of implied warranty were dismissed. At trial, a broadly worded charge regarding negligence was submitted to the jury. Over Wisenbarger's objection, the charge included an instruction on unavoidable accident. The jury found no negligence on the part of Warm Springs, and awarded no damages, and the trial court entered a take-nothing judgment in favor of Warm Springs.

By five points of error, Wisenbarger asserts that the trial court erred in submitting the instruction on unavoidable accident. By his sixth point of error, Wisenbarger contends that the trial court erred in granting Warm Springs' motion for summary judgment on the DTPA cause of action.

By one cross-point, Warm Springs asserts that the trial court erred in denying its motion to transfer venue.

## DECEPTIVE TRADE PRACTICES

In his sixth point of error, Wisenbarger contends that the trial court erred in granting summary judgment to Warm Springs since he was a consumer who was injured as a result of violations of the DTPA. Wisenbarger based his DTPA cause of action on a breach of implied warranty of services.

Warm Springs' motion for summary judgment contended that Wisenbarger's cause of action under the DTPA was precluded as a matter of law by Tex.Rev.Civ. Stat.Ann. art. 4590i § 12.01(a) (Vernon Supp.1990). At the hearing on the motion for summary judgment, Warm Springs presented a number of cases in support of its position. Wisenbarger, on the other hand, relied primarily on concurring and dissenting opinions to the controlling case law on DTPA causes based on breach of

implied warranty. *Archibald v. Act III Arabians,* 755 S.W.2d 84 (Tex.1988); *Melody Home Manufacturing Co. v. Barnes,* 741 S.W.2d 349 (Tex.1987). We find his arguments unpersuasive.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ). Whether a particular legal principal is applicable in a case or governs a case is a matter of law for the trial court. *See e.g. Clark v. Perez,* 679 S.W.2d 710, 714 (Tex. App.—San Antonio 1984, no writ). Similarly, matters of statutory construction are questions of law for the trial court, rather than issues of fact. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989). A question of law may be properly resolved in a summary judgment. *Clark,* 679 S.W.2d at 714; *cf. Johnson,* 774 S.W.2d at 656.

Health care providers cannot be liable on a breach of implied warranty theory for improper treatment; such suits should be covered by theories of negligence. *See Dennis v. Allison,* 698 S.W.2d 94, 96 (Tex.1985); *Easterly v. HSP of Texas, Inc.,* 772 S.W.2d 211, 214–15 (Tex.App. —Dallas 1989, no writ); *accord Willis v. Maverick* 760 S.W.2d 642, 647–48 (Tex. 1988). When the relationship with the health care provider fundamentally involves the rendition and procurement of services, no implied warranties exist, and the DTPA does not apply. *Easterly,* 772 S.W.2d at 214.

Article 4590i, section 12.01(a) of the Medical Liability and Insurance Improvement Act provides that, notwithstanding any other law, no provisions of the DTPA shall apply to physicians or health care providers with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider. Tex.Rev.Civ.Stat. Ann. art. 4590i § 12.01(a) (Vernon Supp. 1990).[1] Pursuant to this statute, a hospital may not be held liable under the DTPA for the negligent actions of its employees acting in the course and scope of their employment; summary judgment is appropriate in such a case. *See Quinn v. Memorial Medical Center,* 764 S.W.2d 915, 918 (Tex. App.—Corpus Christi 1989, no writ). Similarly, if the cause of action is phrased in terms of a breach of implied warranty but depends on an alleged duty imposed by operation of law, it will be precluded by this statute. *Easterly,* 772 S.W.2d at 215.

Since appellant's alleged claim under his DTPA cause of action asserted as its basis a breach of implied warranty and this breach of implied warranty was focused on the negligence of the services provided, a DTPA cause of action was not available to appellant. Similarly, since the DTPA cause of action was based on the improper treatment or negligent treatment of Warm Springs' employees, article 4590i § 12.01(a) precluded a recovery under the DTPA. The trial court properly granted Warm Springs' motion for summary judgment. Wisenbarger's sixth point of error is overruled.

## UNAVOIDABLE ACCIDENT

Wisenbarger's first five points of error challenge the propriety of the unavoidable accident instruction. By his first point of error, he claims that the instruction was improper because the definition of unavoidable accident was included in both the neg-

---

1. Wisenbarger argues, without supporting authority, that § 12.01(a) violates the Open Courts and Equal Protection clauses of the Texas Constitution because it limits his right to sue and recover under the DTPA. Wisenbarger has a reasonable alternative to bringing a suit grounded in negligence under the DTPA: he can bring suit for common-law negligence. Hence, Wisenbarger is not denied access to the courts by being denied the opportunity to bring suit under the DTPA. *See Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex.1983). Prohibiting the class of persons with causes of action grounded in a health care provider's negligence from bringing suit under the DTPA is rationally related to the State's purpose of limiting the liability of health care professionals. Hence, he is not denied equal protection under the law. *See Whitworth v. Bynum,* 699 S.W.2d 194, 196–97 (Tex.1985).

ligence and proximate cause definitions. By his second and third points of error, he complains that the instruction was a comment on the weight of the evidence and that it raised an inferential rebuttal defense that is inapplicable in a medical malpractice suit. Wisenbarger's fourth and fifth points of error challenge the legal and factual sufficiency of the evidence to warrant the submission of the instruction. Unavoidable accident was presented to the jury in the charge by way of the following instruction: "An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it."

■ By his first point of error, Wisenbarger complains that the instruction on unavoidable accident was included in the definitions of negligence and proximate cause. A review of the charge shows that the instruction regarding unavoidable accident was not specifically included in either the definition of negligence or the definition of proximate cause; the instruction was placed immediately after the proximate cause definition. In a medical negligence case, when expert testimony establishes that another physical condition or circumstance was the probable cause of the injury, the definition of unavoidable accident must immediately follow the jury instruction defining proximate cause. *See* 1 State Bar of Texas, Texas Pattern Jury Charges PJC 3.04 (1987); *Cf. Hersh v. Hendley*, 626 S.W.2d 151, 157 (Tex.App.— Fort Worth 1981, no writ). Accordingly, we overrule Wisenbarger's first point of error.

■ A trial court has considerable discretion in submitting explanatory instructions and definitions. *Wakefield v. Bevly*, 704 S.W.2d 339, 350 (Tex.App.—Corpus Christi 1985, no writ); *Home Ins. Co. v. Gillum*, 680 S.W.2d 844, 849 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.); *see also* Tex.R.Civ.P. 277. An instruction is proper if it finds support in any evidence and the inferences to be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. *Nat'l Fire Ins. v. Valero Energy*

*Corp.*, 777 S.W.2d 501, 507 (Tex.App.—Corpus Christi 1989, writ pending); *Sappington v. Younger Transp., Inc.*, 758 S.W.2d 866, 867 (Tex.App.—Corpus Christi 1988, writ denied). An instruction on unavoidable accident is properly submitted if any evidence shows that neither party proximately caused the incident in question. *See Lemos v. Montez*, 680 S.W.2d 798, 800 (Tex.1984). Therefore, when reviewing whether a proper instruction should have been submitted, we need only review the legal sufficiency of the evidence because the factual sufficiency of the evidence has no bearing on whether an instruction should be submitted. Accordingly, we overrule Wisenbarger's fifth point of error challenging the factual sufficiency of the evidence to warrant the submission of the issue.

■ Wisenbarger, by his third point of error, argues that an unavoidable accident instruction is not appropriate because unavoidable accident is not a recognized defense in medical negligence cases. In support of his position, he refers to a paper which was presented at a symposium on medical malpractice litigation and which he contends does not contain unavoidable accident in its list of possible defenses to an allegation of medical negligence. We reject this argument. Unavoidable accident has been used as a defense in medical negligence cases. *See Swartout v. Holt*, 272 S.W.2d 756, 757 (Tex.Civ.App.—Waco 1954, writ ref'd n.r.e.) (jury found that death of child as a result of allergic reaction to ether was unavoidable accident when doctors were not told of allergy prior to surgery); *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949) (contracture of plaintiff's hand could have been caused by injury that broke plaintiff's elbow rather than by any negligence in treating the break); H. Edgar & J. Sales, 1 Texas Torts and Remedies § 11.04[4] (1990). We overrule Wisenbarger's third point of error.

■ The Texas Supreme Court expressly set forth the definition of "unavoidable accident" the court used in this case. *See Dallas Railway & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952).

Wisenbarger does not challenge the wording of the instruction. Instead, by way of his fourth point of error, he challenges the legal sufficiency of the evidence to warrant the submission of the instruction. Unavoidable accident is to be submitted when there is a possible causal effect of some physical condition or circumstance, or when one of the parties to the event is incapable of negligence. *See Yarborough v. Berner,* 467 S.W.2d 188, 191 (Tex.1971); *Lemos,* 680 S.W.2d at 800.

Similarly, in this case, in order for an instruction on unavoidable accident to be proper, there must have been some evidence offered by an expert, or evidence from which inferences could be made, that it was probable that Wisenbarger's decubitus ulcer was not proximately caused by the negligence of any party but was instead caused by some other physical condition or circumstance. Additionally, only if this instruction might be of some aid or assistance to the jury in answering the issues is it proper.

In his argument that the evidence was legally insufficient, Wisenbarger cites *Lemos.* Unavoidable accident was not available in *Lemos* because one of the parties was negligent as a matter of law. The circumstances in *Lemos* did not justify an instruction because the case concerned negligence only and not unavoidable accident. *Lemos,* 680 S.W.2d at 800. We distinguish *Lemos* and find Wisenbarger's reliance on it misplaced.

■ Warm Springs presented five experts who testified regarding the development of Wisenbarger's decubitus ulcer. All of Warm Springs' witnesses testified regarding the top quality of nursing care provided to Wisenbarger; Wisenbarger himself related the constant attention he received from the nursing staff. Nurse Sonntag and Dr. Evelyn Martin, also a nurse, testified that Warm Springs was "in tune" to the importance of skin care. Nurse Uzzell and Dr. Larry Browne testified that there was nothing that Warm Springs could have done to prevent the skin from deteriorating and the ulcer from running its course. Dr. Blackwell testified

that because of Wisenbarger's advanced age, his paraplegic condition, the road burn he had when he was admitted to the hospital, and the location of the road burn on the lower back, the development of the decubitus ulcer was "inevitable" and "predetermined" and that there was no way to prevent the eventual breakdown of the area.

Thus, Warm Springs presented evidence that it was probable that Wisenbarger's ulcer was not caused by Warm Springs' negligence but was instead caused by other physical circumstances, namely the initial road burn and its location on Wisenbarger's back, Wisenbarger's advanced age, and his paraplegia. The evidence raised unavoidable accident. The trial court did not abuse its discretion in submitting this instruction for lack of evidence. We overrule Wisenbarger's fourth point of error.

By his second point of error, Wisenbarger contends that the instruction was a comment on the weight of the evidence because it was an additional and improper instruction. In support of his position, Wisenbarger relies on two cases in which an additional instruction was determined to be a comment on the entire case. *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984); *Levermann v. Cartall,* 393 S.W.2d 931, 937 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). In *Acord,* the instruction stated specifically that the defendant was neither the insurer nor a guarantor of a perfect or accident-proof product. *Acord,* 669 S.W.2d at 116. Similarly, in *Levermann,* the instruction stated that generally a medical doctor is not an insurer or guarantor of his work. *Levermann,* 393 S.W.2d at 936. In both cases, however, the instructions were determined to be improper because neither was necessary to enable the jury to pass upon the issues in the case. *See Acord,* 669 S.W.2d at 116; *Levermann,* 393 S.W.2d at 936. Only after the instructions were determined to be improper was the entire record examined in each case to determine whether the instruction constituted a comment on the weight of the evidence. *See Acord,* 669 S.W.2d at 116; *Levermann,* 393 S.W.2d at 936–37.

694 ◼ ◼◼◼◼◼◼◼◼◼◼◼◼

◼◼ Although technically and abstractly the situation at hand can be accommodated into the definition of unavoidable accident, we do not think that the instruction was necessary to aid the jury in its determination of proximate cause in this case.

For Wisenbarger to prove medical negligence on the part of the hospital, he had to show that the standard of care provided by the hospital was below the standard of care in the community. *See Rodriguez v. Reeves*, 730 S.W.2d 19, 21 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). The evidence was overwhelmingly to the contrary. Testimony from the expert witnesses for both parties was that the standard of care provided by the nurses and doctors at Warm Springs was equal to or above the standard of care provided in the community. Hence, there was no need for the instruction on unavoidable accident. However, had the evidence not been so one-sided in favor of Warm Springs, an instruction on unavoidable accident may have confused or misled the jury. In light of the evidence we fail to see how the instruction could have confused or misled the jury. The jury did not need the instruction to help them, but the unnecessary instruction did not cause the rendition of an improper verdict.

◼◼ The term "accident" is difficult to reconcile with an ongoing event, such as the development of the decubitus ulcer. In medical negligence cases, the unavoidable accident instruction is better limited to those situations which involve an instantaneous event or occurrence arising as a result of conditions or circumstances that exist at a particular point in time. In situations such as the case at hand, an instruction regarding aggravation of a naturally progressing illness or injury is more appropriate. In view of the extent of the evidence in support of the jury's finding of no negligence on the part of Warm Springs and our finding that the instruction did not harm Wisenbarger, however, we cannot say that the instruction regarding unavoidable accident constituted a comment on the weight of the entire case. We overrule Wisenbarger's second point of error.

◼◼ Finally, we note that the jury found no damages. Wisenbarger's points of error related to its negligence cause of action relate to the liability issue. The damage findings are not challenged on appeal, the findings are final, and we are bound by such findings. *Canales v. National Union Fire Ins. Co.*, 763 S.W.2d 20, 22–23 (Tex.App.—Corpus Christi 1988, writ denied); *Jones v. John's Community Hosp.*, 624 S.W.2d 330, 333 (Tex.App.—Waco 1981, no writ). The unchallenged damage findings preclude a recovery by appellant on his cause of action and require an affirmance of the take-nothing judgment.

In view of the disposition of Wisenbarger's six points of error, we decline to address Warm Springs' cross-point. The judgment of the trial court is AFFIRMED.