**OTIS ELEVATOR COMPANY,**
**Appellant,**

**v.**

**Faith SHOWS, Individually and as Next Friend of Dara Shirley, a Minor, Appellee.**

**No. 01–89–01080–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 7, 1991.

Rehearing Denied Feb. 6, 1992.

---

Frank Mitchell, Scott Statham, Houston, for appellant.

Russell S. Briggs, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

## OPINION

WILSON, Justice.

After favorable jury findings, a judgment was rendered for plaintiff and appellee, Faith Shows, individually and as next friend of minor Dara Shirley. The defendant in the district court and appellant here, Otis Elevator Company, addresses as its sole point of error the trial court's refusal to submit a requested instruction on unavoidable accident. We affirm.

Before addressing whether an instruction on unavoidable accident was appropriate under the evidence, we consider the form of the instruction as proffered by appellant to the trial judge for inclusion in the charge.

Appellant's first amended original answer pled the defensive theory of unavoidable accident. After both parties rested at trial, appellant tendered the following requested instruction on unavoidable accident:

You are instructed that an occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to the occurrence. You are also instructed that a child who is less than five (5) years of age does not possess the experience, intelligence and capability to be capable of negligence as a matter of law.

The trial court refused the tendered instruction, but did include an instruction informing the jury that the minor, Dara Shirley, could not be negligent as a matter of law. The instruction submitted by the learned trial judge contained no reference to the law of unavoidable accident.

Texas Pattern Jury Charges, Section 3.04, provides that an instruction on unavoidable accident in a proper case is submitted to the jury in the following form:

> An occurrence may be an "unavoidable accident," that is, an event not proximately caused by the negligence of any party to it.

1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES, PJC § 3.04 (1987).

■ Addenda to the unavoidable accident instruction suggested by the pattern jury charges are not favored. *Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984). The addendum under consideration in *Lemos* was different in substance from the one before us, however the court indicated all such addenda to the basic instruction would be suspect, if not per se error.

The *Lemos* court stated the definition contained in the pattern jury charges had been well settled in Texas jurisprudence, and "this court has not indicated to the bench and bar that the definition should be embellished with the addendum [in question in *Lemos* ]." The *Lemos* court further implied, in reviewing an addendum used in *Molina v. Payless Foods, Inc.,* 615 S.W.2d 944, 947 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ), that the legal correctness of the addendum in question viewed in isolation was not a consideration. In the case before us, the legality of the two instructions viewed separately is not relevant in considering the appropriateness of the whole. We are therefore driven to the conclusion that in considering a proper submission of an instruction in a case in which the evidence includes the conduct of a minor incapable of negligence, two rights placed together in the same instruction may result in a wrong.

The *Lemos* court concluded the *Molina* jury did not need the instruction. "This court has treated addenda to the charge as impermissible comments that tilt or nudge the jury one way or the other." *Lemos,* 680 S.W.2d at 801 (citing *Acord v. General Motors Corp.,* 669 S.W.2d 111 (Tex.1984)).

■ Appellant cites no case that sanctions the instruction as tendered, and we find none. We cannot approve the form of the instruction before us given our understanding of *Lemos.* However, if any addendum to the basic unavoidable accident instruction is not per se error, we note a particular danger in the instruction submitted to the trial judge. It first draws the attention of the jury to the possibility of an unavoidable accident, and then invites a pointed consideration of the child's conduct in resolving the possibility. The instruction, as offered, particularizes the evidence to be considered, and impermissibly suggests that the jury should weigh the child's conduct in deciding the existence of an unavoidable accident. We hold the instruction as tendered, if included in the charge, would have been an improper comment by the trial judge on the evidence. Therefore, the trial judge's refusal to submit the instruction was not error, and appellant's point of error is accordingly overruled.

■ Further, we do not believe that the refusal of the judge to submit the instruction automatically requires reversal, even granting the argument that it was in proper form. The jury could have answered "no" to the negligence of both parties. The charge contained no order that the jury make a negligence finding as to one or the other. *See Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974); *see also Magro v. Ragsdale Brothers, Inc.,* 721 S.W.2d 832, 836 (Tex.1986); *Island Recreational Dev. Corp. v. Republic of Texas Savings Assoc.,* 710 S.W.2d 551, 555 (Tex. 1986).

Notwithstanding our denial of appellant's point of error based on the form of the instruction, we will briefly discuss the facts in the context of appellant's claim that *Yarborough v. Berner,* 467 S.W.2d 188 (Tex.1971), mandates the inclusion of an instruction on unavoidable accident in all cases involving the conduct of minors

incapable of being negligent. Under the facts of *Yarborough,* the supreme court found a child's lack of capacity to be negligent entitled the defendant to an issue on unavoidable accident. The court likened the behavior of a child to a natural event over which neither party had control which, if believed by the jury, would absolve the defendant of liability. *Yarborough,* 467 S.W.2d at 190.

In the present case, on Independence Day 1985, appellee together with other family members went to a Sears store in Houston to purchase a VCR. The machines were on the second floor of the store, a few feet from the escalator landing. At some point, four-year-old Dara walked away from the family group and was next heard screaming, with her hand somehow lodged in the escalator handrail-return, located at the base of the machine at floor level. Her hand, caught between the handrail and the handrail guard, had to be forcibly removed to prevent further injury. The child suffered second and third degree friction burns to her left hand and fingers, and ultimately, underwent plastic surgery for scar revision. She remains permanently scarred from the accident.

The evidence revealed appellant held the maintenance contract on the escalators in the Sears store and, when necessary, was to perform inspection, repair, and replacement of all safety features, including the handrail guard. The handrail guard was made of sponge-rubber and hard rubber, and was specifically designed to prevent hand-finger type accidents, including those potentially involving children. An expert witness testified that the guard had been altered, and its sponge-rubber composition was so old that the safety device did not prevent the accident as it was designed to do.

The jury found the negligence of appellant proximately caused the occurrence, and did not attribute any negligence to appellee, Faith Shows.

A fair trial requires that a party's theory, whether it be to recover damages or defensive in nature, be fairly submitted to the jury if supported by the pleadings and the evidence. The general rule for submission of an instruction on unavoidable accident is if there is evidence supporting the theory, the trial court is required to submit such an instruction. *Scott v. Atchison, Topeka and Santa Fe Ry. Co.,* 572 S.W.2d 273, 280 (Tex.1978). The evidence is viewed under a "no evidence" standard, in the light most favorable to submission. *Davis v. Thompson,* 581 S.W.2d 282, 283 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). An instruction on unavoidable accident is properly submitted if any evidence shows that neither party proximately caused the incident in question. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.,* 789 S.W.2d 688, 692 (Tex.App.—Corpus Christi 1990, writ denied); *Hukill v. H.E.B.,* 756 S.W.2d 840, 843–44 (Tex.App.—Corpus Christi 1988, no writ); *see also Lemos,* 680 S.W.2d at 800.

We believe a clear distinction exists between the facts in *Yarborough* and the present case. The *Yarborough* case restates the well-settled rule that an accident is "unavoidable" when an event occurs that was not proximately caused by negligence of any party to the event. In *Yarborough,* a child "dart-out" case, the court equated the child's conduct (non-negligent as a matter of law) to that of non-human conditions normally associated with the unavoidable accident doctrine. Under the facts of *Yarborough,* the court reasoned a dispute was raised in the evidence over whether an event occurred, i.e. the accident, which was not proximately caused by anyone's negligence. The court held that a jury could have believed the child's conduct caused the event, and because the child's conduct was not negligent as a matter of law, a conclusion of unavoidable accident was consistent with the evidence.

The *Yarborough* driver's conduct, in facing an unforeseen and unanticipated situation, i.e. the "dart-out" child, is quite different from the conduct of appellant under the evidence before us. Here, the potential of what happened, a child, or other person, putting his/her hand in the handrail guard, was anticipated and foreseen by appellant. Appellant's own expert, in the cross exami-

nation, agreed with this when asked by opposing counsel:

Q: When this guard was developed, in your opinion, was it developed [with] the anticipation and foreseeability that finger accidents can and do occur?

A: Yes.

Q: And it was developed with the knowledge that most of these finger accidents are with children; is that a fair statement?

A: Yes.

The reason a safety device was installed was to prevent such accidents. The existence of the safety device implies the possibility, and foreseeability, of the accident.

■ Appellant asserts, where a child's actions contributed to the occurrence of an accident, but the child is legally incapable of negligence due to its age, a defendant is entitled to an unavoidable accident instruction as a matter of law. However, the actions of a child, legally incapable of negligence, do not justify the submission of an instruction on unavoidable accident in every case.

■ Appellant asserts the facts of this case are legally indistinguishable from *Yarborough*. We understand appellant's legal argument to be that if the evidence in a particular case raises the issue of whether a child's conduct proximately caused his/her own injuries, then under *Yarborough*, a submission of unavoidable accident is required. We do not read *Yarborough* as dictating such a result. To do so, on the facts before us, would stand the law on its head, and permit the jury to find a child under five responsible for the consequences of his own conduct under a guise of unavoidable accident. Such an instruction is proper only when the child's conduct illuminates, and helps a jury to understand in context, the conduct of the alleged tortfeasor in reaction to a situation in part created by the child. Such is not the case before us.

■ An "unavoidable accident" is one that ordinary care and diligence could *not* have prevented, or one which could not have been foreseen or prevented by the exercise of reasonable precautions. 43 WORDS AND PHRASES, *Unavoidable Accident*, at 28 (1969 & Supp. 1991–1992). In other words, a foreseeable accident is not "unavoidable." Here, because the potential of an accident was clearly foreseen, appellant was not entitled to a submission on "unavoidable accident."

The judgment is affirmed.