**Roy ACORD, Jr., Individually and as Next Friend of Aaron Acord, a Minor, Appellants,**

v.

**GENERAL MOTORS CORPORATION and Gilbert Johnson, d/b/a Johnson's Fleet Service, Appellees.**

No. 16908.

Court of Appeals of Texas, San Antonio.

July 13, 1983.

Rehearing Denied Aug. 1, 1983.

**8**

Steve McManus, Victoria, for appellants.

Thomas H. Crofts, Jr., Joe Meador, Groce, Locke & Hebdon, San Antonio, for appellees.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a take nothing judgment entered against appellants, the plaintiffs below, following a jury trial in which the jury failed to find liability against the various defendants under theories of negligence and strict liability.

Appellants' cause of action arose out of an intersection collision on March 2, 1978, involving the Acord automobile which was being driven by Karen Leinen Acord, wife of appellant Roy Acord. Mrs. Acord was killed in the accident and appellant's minor son was injured when a 1970 5500 GMC Stakebed truck, owned and operated by James Monroe Townsley, collided with the Acord vehicle at the intersection of Hal-lettsville Highway and McGruder Streets in Victoria, Texas.

The accident occurred when the brakes on Townsley's truck failed, rendering it unable to stop for a red light. The impact with the Acord vehicle resulted in the Acord vehicle being pushed into three other vehicles at the intersection.

Prior to the fatal collision, on November 29, 1977, Townsley drove his truck into the American Fire and Mileage Specialists (American Tire) shop in Travis County for the purchase and installation of four new tires on the rear axle of the truck.

On December 19, 1977, after Townsley had driven the truck less than 150 miles following the installation of the tires, while driving down a street in Austin, Texas, the left rear wheels ran off of the truck and the left rear wheel assembly, including the backing plate and the braking system fell to the pavement. Townsley immediately contacted American Tire and an employee was sent to the scene to investigate the incident. With the aid of a nearby welding shop the wheels were remounted on the vehicle and Townsley drove the truck back to the American Tire shop. Townsley was informed by the shop manager that the damage sustained could not be repaired by American Tire and the truck was referred to Gilbert Johnson, d/b/a Johnson's Fleet Service for the necessary repairs. Less than three months later the collision occurred in Victoria. Appellants sued General Motors Corporation, American Tire and Mileage Specialists and Gilbert Johnson, d/b/a Johnson's Fleet Service.

Appellants alleged that General Motors Corporation defectively designed the 1970 truck because it failed to contain a dual or redundant back-up braking system. Appellants further alleged that General Motors Corporation was negligent in placing into the stream of commerce a truck not reasonably suited for its intended use because it contained the defects previously stated. Appellants alleged that American Tire was negligent in failing to properly mount the left rear wheels onto Townsley's truck.

As to Gilbert Johnson, d/b/a Johnson's Fleet Service, appellants alleged that Johnson was negligent in failing to properly repair the truck.

Prior to judgment appellants entered into a compromise settlement agreement with American Tire.

■ By point of error number one appellants contend that the trial court erred in submitting the following instruction to the jury in connection with special issue number one:

> * * * A manufacturer is not an insurer of the product he designs, and it is not required that the design adopted be perfect, or render the product accident proof, or incapable of causing injury, nor is it necessary to incorporate the ultimate safety features in the product.

Appellants contend that said instruction is a comment on the evidence, that it inappropriately injects negligence in a design defect case, and that it goes beyond the guidelines set out in *Turner v. General Motors Corporation,* 584 S.W.2d 844 (Tex.1979), in instructing the jury in a design case. It is appellants' argument that the instruction complained of injects the element of negligence by speaking in terms of a duty owed by the manufacturer.

The instruction approved of in *Turner v. General Motors, supra,* was included in the jury charge with the addition of the portion complained of above. In *McCants v. Salameh,* 608 S.W.2d 304 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.), the identical instruction was complained of upon the very same contention that it constituted a comment on the weight of the evidence. The court in rejecting the argument of appellant recognized the instruction as a proper statement of the law. In doing so, the Court was aware of the *Turner* decision and the implication its holding had upon additional instructions in the charge not complained of on appeal. We think the reasoning of the court in *McCants,* in rejecting the contention regarding the instruction to be sound and equally applicable to the instant case. The instruction, if it comments on the weight of the evidence, does so only inci-

dentally as is permitted by Tex.R.Civ.P. 277.

Even should we believe the instruction to be erroneous, we are not convinced that the error amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R.Civ.P. 434; *McCants v. Salameh, supra.* Appellants' first point of error is overruled.

Point of error number two addresses alleged error in the trial court's overruling of paragraph I of appellants' motion in limine which reads as follows:

> That the decedent, Karen Acord, was refused a blood transfusion based upon her religious beliefs, as well as the religious beliefs of her husband and Plaintiff, Roy Acord, Jr., or from mentioning, alluding to, or making any reference to any suggestion that this refusal of a blood transfusion based upon religious beliefs in any way caused or contributed to the death of decedent, Karen Acord.

Appellants contend that the trial court's failure to grant the motion placed them in a position which required that they voir dire the jury panel with reference to the matter raised in the motion even though the subject matter of the motion was inadmissible for any purpose.

Following the collision in question, Karen Acord was taken to the hospital where she received emergency medical treatment. Appellant, Roy Acord, informed the treating physician that his wife's religious beliefs prohibited her from receiving a blood transfusion. Karen Acord died within a few hours. The immediate cause of death was the loss of blood although some testimony indicated that death would have occurred even had a blood transfusion been given.

The trial court overruled the motion holding that evidence of refusal of a blood transfusion would be admissible on the damages issue. None of the appellees ever offered evidence of Karen Acord's failure to receive transfusions.

If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. The mere overruling of a motion in limine may be error but the act of overruling alone is never reversible error. *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963).

Appellants concede that prejudice, if it entered the case, did so during voir dire examination as they attempted to effectively exercise their right to inquire of the potential jurors. There is no contention that appellees injected the matters now deemed prejudicial into the case but it is appellants' contention that had they not elected to inform the jury panel during voir dire, appellees most certainly would have offered evidence on the matter during the trial. We think the position taken by appellants is one of mere speculation and runs afoul of the rule espoused in *Hartford Accident and Indemnity Co. v. McCardell, supra.*

One who undertakes to second guess what the evidence might be and thereby injects prejudicial matter into the lawsuit during voir dire must be held to have invited the error. *Sell v. C.B. Smith Volkswagen, Inc.*, 611 S.W.2d 897 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

We have examined the record to determine what prejudice appellants might have sustained from the information given the jury panel during voir dire and we are unable to point to any. The record shows that of the twelve jurors selected, ten were asked the question: "Should a person be entitled to refuse certain types of medical care if their religious convictions and beliefs are such that they can accept them without violating their religious conviction?" Ten of the jurors selected answered that they would not be prejudiced. The record does not reflect one of the other juror's identity nor does it reflect that the remaining juror was even questioned at all.

The only issue that a juror's prejudice about the failure to receive a blood transfusion could have affected would be that of damages. No such issue was submitted. However, the jury did not hesitate to find that appellants had sustained substantial damages as a result of the death of Karen Acord.

Harm to appellants is not apparent from the record and we are directed to none. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.