**Roy ACORD, Jr. Individually and A/N/F of Aaron Acord, Petitioner,**

v.

**GENERAL MOTORS CORPORATION et al., Respondents.**

No. C–2392.

Supreme Court of Texas.

April 18, 1984.

Rehearing Denied May 30, 1984.

Cole, McManus & Velasquez, Steve Q. McManus, Victoria, W. James Kronzer, Houston, for petitioner.

Groce, Locke & Hebdon, Thomas H. Crofts, Jr., and Ann C. Livingston, Joe Meador, Inc., Michael Black, San Antonio, for respondents.

KILGARLIN, Justice.

The principal issue presented in this products liability case is the propriety of an instruction given by the trial court in conjunction with a jury inquiry of defective design. Roy Acord, Petitioner, brought suit as a result of an accident in which his wife was killed and his minor son was injured when their vehicle was struck by a G.M.C. truck after the truck's brakes failed. Acord alleged strict liability against General Motors Corporation and common law negligence against Gilbert Johnson d/b/a Johnson's Fleet Service. The jury answers on issues of liability were favorable to both defendants and the trial court rendered a take nothing judgment against Acord. The court of appeals affirmed the judgment. 657 S.W.2d 7. We reverse the judgments as to General Motors Corporation and remand the cause to the trial court. We affirm the judgments as to Johnson.

The trial court inquired of the jury "[d]o you find from a preponderance of the evidence that at the time it was sold by General Motors, the 1970 truck involved in the accident made the basis of this suit was defectively designed because it failed to contain a dual or redundant back-up braking system." Two instructions were included with the special issue. The first stated "[b]y the term 'defectively designed' as used in this issue is meant a product that is unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use." The preceding instruction follows verbatim the approved charge in *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979).

Additionally, however, the court instructed the jury as follows:

A manufacturer is not an insurer of the product he designs, and it is not required that the design adopted be perfect, or render the product accident proof, or incapable of causing injury, nor is it necessary to incorporate the ultimate safety features in the product.

Acord argues that the additional instruction was erroneous because it exceeded the guidelines of *Turner*, constituted a comment on the weight of the evidence, and injected negligence into a design defect issue. General Motors replies that the instruction does not violate *Turner*, but merely supplements it; that the giving of instructions to a jury is left to the sound discretion of the trial judge; and that the instruction has received approval by two courts of appeals. *McCants v. Salameh*, 608 S.W.2d 304 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); *Wenzel v. Rollins Motor Co.*, 598 S.W.2d 895 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) Additionally, Gener-

al Motors urges that if the instruction was erroneous, it was not harmful error and that, in any event, Acord has failed to preserve error by not obtaining a ruling from the trial court on Acord's objections to the charge.

■ We consider first the matter of whether any error in the court's charge has been preserved. Rule 272, Tex.R.Civ.P., provides that the judge shall announce his rulings on objections before reading the charge to the jury. The rule was amended in 1976 to further provide that "[i]t shall be presumed, unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon." In the case at bar, there were four parties present during the objections to the charge, which were made orally. Acord led off with his objections and without any statement from the trial judge was immediately followed by objections from American Tire and Mileage Specialists, who, at the time, was a party to the case. Following those brief objections, the trial court interposed the statement, "overruled." Thereafter came the objections of General Motors and Johnson. After each of these defendants separately objected, the trial judge stated "overruled."

The question to be answered, therefore, is whether the statement "overruled" following the objections made by Acord and American Tire constituted a ruling on Acord's objections. Since the trial judge did not sustain any of the objections made by either party, it can be assumed that the overruling was applicable to the objections of both parties. Moreover, since there is nothing in the record to indicate otherwise, we must presume under Rule 272, Tex.R. Civ.P., that the objections were presented at the proper time and exception properly taken, implying there was a court ruling. We note that in *Hernandez v. Montgomery Ward and Co.*, 652 S.W.2d 923 (Tex.1983), at no time during or after the parties' objections did the trial court state "overruled," or any similar word of rejection, and thus it was held error had not been

preserved. The situation in the case at bar is more closely akin to the recent holding of this court in *Betty Leavell Realty Co. v. Raggio,* —— S.W.2d —— (Tex.1984), where we stated that "[a] common-sense reading of the objection and the court's ruling show that the trial court necessarily overruled the objection."

■ As stated, Rule 272, Tex.R.Civ.P., was amended in 1976 by adding language already quoted. That language was left unchanged by the April 1, 1984 amendments to the Rules of Civil Procedure. We interpret the presumptive provision of Rule 272 to mean that if an objection is articulated and the trial court makes no change in the charge, the objection is, of necessity, overruled. To the extent that *Hernandez v. Montgomery Ward and Co.*, and *Cogburn v. Harbour,* 657 S.W.2d 432 (Tex. 1983), are in conflict, they are overruled. Accordingly, Acord has satisfied the Rule 272 requirements.

Having concluded that the complaint of error, if any, in the court's instruction on special issue number one was preserved, we next turn to the question of whether the giving of such instruction was erroneous. No one questions that the disputed instruction given in this case is a correct statement of law. We have already said in *Shamrock Fuel and Oil Sales Co. v. Tunks,* 416 S.W.2d 779 (Tex.1967), that "[a] manufacturer or distributor of products is not an insurer." We said as much in *General Motors Corp. v. Hopkins,* 548 S.W.2d 344 (Tex.1977). *See also Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex. 1984). We have likewise stated that a manufacturer is not required to design the safest possible product. *Henderson v. Ford Motor Co.,* 519 S.W.2d 87 (Tex.1974). Legal scholars in early analyses of products liability have referred to such policy considerations. *See* Keeton, *Products Liability—Liability Without Fault and the Requirement of a Defect,* 41 Texas L.Rev. 855, 858 (1963); James, *Products Liability,* 34 Texas L.Rev. 192, 206 & 208 (1955). Some theorists have favored instructing the jury as to policy considerations. *See*

Wade, *Strict Tort Liability of Manufacturers,* 19 Sw.L.J. 5, 16–19 (1965).

In *Turner v. General Motors Corp.,* 584 S.W.2d at 849, 851, this court, in determining how strict liability cases would be submitted to a jury, relied upon Green, *Strict Liability Under Sections 402A and 402B: A Decade of Litigation,* 54 Texas L.Rev. 1185 (1976). In his article, Dean Green criticizes the "seeking [of] standards and causation doctrines that imitate those found in negligence cases." *Id.* at 1219. *Turner* was a case involving a claim of strict liability because of design defects. In *Turner,* the trial court had defined "defectively designed" as meaning that the design was unreasonably dangerous, and had defined unreasonably dangerous as being dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics. The court of appeals reversed the trial court judgment in behalf of Turner, saying that the instruction given was not proper in crash-worthiness cases. The court of appeals went on to say that the jury should be instructed to balance specific factors in determining whether the design causing the injury was defective. Among those balancing factors to be included was the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its cost.

Our court disapproved the holding of the court of appeals in *Turner* that the jury was to be instructed to balance specifically enumerated factors, *"whether those listed by the Court of Appeals, or otherwise."* 584 S.W.2d at 847 (emphasis added). We also held that in future trials of strict liability cases involving design defects that the issue and instruction accompanying it "will not include either the element of the ordinary consumer or of the prudent manufacturer; to the extent of any conflicts in such respects, *Henderson* and *Hopkins* are overruled." *Id.* In a footnote to the opinion, we set out the correct special issue and instruction to be utilized. *Id.* at n. 1. Subsequently, in the *Turner* opinion, our court

stated: "Accordingly, we approve the form of jury submission stated in the forepart of this opinion to be effective in the trial of design defect strict liability cases after the date on which our judgment herein becomes final." *Id.* at 851. That date was July 18, 1979, the date of the overruling of the last motion for rehearing in *Turner.*

The first of the two court of appeals' opinions relied upon by General Motors, *McCants v. Salameh,* approved of an instruction which included the same language as under consideration in this case. As in this case, the injured party contended that the instruction was unnecessary surplusage and constituted a comment on the weight of the evidence. The court of appeals observed that "[t]he instruction complained of is a proper statement of the law" and cited *Henderson v. Ford Motor Co.* as authority. 608 S.W.2d at 307. We observe that the judgment by the trial court in *McCants v. Salameh* was rendered April 14, 1978, more than one year before the opinion in *Turner.*

The second case relied upon by General Motors for support of the questioned instruction is *Wenzel v. Rollins Motor Co.* It, likewise, involved issues of design defect and was a strict liability case in which all liability issues were answered in favor of the various defendants. The trial court had instructed the jury with respect to the issue of crashworthiness, among other things, that the manufacturer was under no duty to design an accident-proof vehicle. In an opinion, unique in that both the majority and the dissent were written by the same justice, the take nothing judgment of the trial court was affirmed. However, the majority opinion conceded that an instruction as to any factors except utility and risk should not be used, but found said usage harmless error, and moreover, observed that *Turner* was only to be applied to cases tried in the future. The trial in *Wenzel* predated the *Turner* decision.

■ If *Turner* was not sufficiently specific to advise the bench and bar that in strict liability cases the jury is not to be

instructed with balancing factors, surely we have laid this matter to rest by our opinion in *Fleishman v. Guadiano*, 651 S.W.2d 730 (Tex.1983), where we again endorsed the submission as approved by *Turner* and upheld the trial court's refusal to give any other instructions. The jury need not and should not be burdened with surplus instructions. Volume III of the Texas Pattern Jury Charges (1982) utilizes for manufacturer design defect cases only the issue and instruction contained in *Turner*. We explicitly approve the Pattern Jury Charges issue and instruction for design defect cases, and disapprove the addition of any other instructions in such cases, however correctly they may state the law under § 402A of the Restatement (Second) of Torts.

Having resolved that the additional instruction in this case was erroneous, the paramount question becomes was such instruction harmful? The trial court's giving the additional instruction amounted to a comment on the weight of the evidence. A case similar in some respects is that of *Levermann v. Cartall*, 393 S.W.2d 931 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). Involved was a complaint of medical malpractice, in which the court's charge included the following instruction: "[y]ou are further instructed as part of the law of this case, that a medical doctor is not an insurer or guarantor of his work; neither is he responsible in law for an honest mistake in judgment, unless such mistake is due to a want of ordinary care, as the term 'ordinary care' has been defined herein before." *Id.* at 935. The court of appeals observed that with the evidence sharply conflicting on the issue of the degree of care exercised by the defendants, "this additional instruction by the trial court, that appellees were not insurers or guarantors, was a comment on the case as a whole, in that it related to the care to be exercised by appellees and was reasonably calculated to cause and probably did cause prejudicial harm to appellants so as to require remand of the case." *Id.* at 937. In a closely contested case as is the one at bar, to single out for the jury that General

Motors was neither an insurer nor a guarantor of a perfect or accident-proof product, which incorporated ultimate safety features, was a comment on the case as a whole. As such, it constituted harmful error.

Acord has raised an additional point of error, complaining of the trial court's refusal to grant a motion in limine. The motion sought to prevent any of the attorneys from alluding to the refusal of Mrs. Acord to accept a blood transfusion because of her religious beliefs. After this refusal, it was Acord's lawyer who injected the matter into the trial during voir dire examination by asking if any potential juror would thereby be prejudiced. Neither General Motors nor Johnson brought up the subject during argument and trial. Whatever the trial strategy of Acord may have been in introducing the subject, the mere overruling of a motion in limine is not reversible error. As we said in *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963), "[i]f a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal...." (emphasis in original). Therefore, we find no error as to the only point brought forward by Acord affecting Johnson.

Next, we turn to a point raised in argument by General Motors and in a post-submission brief by Acord. Both parties urge that if this case be reversed because of the impropriety of the instruction, then Johnson should not be discharged, but the cause should be remanded so Johnson's conduct can be evaluated for purposes of comparative causation. General Motors argues that because it had sought indemnity and/or contribution from Johnson a remand is necessary under our recent holding in *Duncan v. Cessna Aircraft Co.* There is nothing in *Duncan* that would require a remand for a reconsideration of Johnson's

conduct. Indeed, in *Duncan* we stated that "each party's share of liability will be that determined by the jury." *Id.* at 432. As the jury has determined that Johnson did nothing to cause the death of Mrs. Acord or injuries to the Acord minor, judgment as to Johnson was proper.

■ The facts of this case also raise the issue of whether on remand the settling party, American Tire and Mileage Specialists, must be joined as a party in order for its share of causation to be determined under the rule announced in *Duncan v. Cessna Aircraft Co.* In *Duncan,* we held that "in multiple defendant cases in which grounds of recovery other than negligence are established, the non-settling defendant's liability and the plaintiff's recovery shall be reduced by the percent share of causation assigned to the settling tortfeasor by the trier of fact." 665 S.W.2d at 429. On remand, General Motors will be entitled to submit American Tire's causation to the jury so that its own liability to Acord, if any, may be reduced by the share of causation assigned to American Tire. If American Tire's share of causation is not submitted to and found by the jury, General Motors will receive no credit for the settlement.

■ The settling party's liability can be determined even though the settlor is not joined. Requiring joinder of a settling tortfeasor as a party serves no useful purpose. *Cf.* Keeton, *Annual Survey of Texas Law: Torts,* 28 Sw.L.J. 1, 14 (1974) (criticizing joinder of settling parties in negligence cases under Art. 2212a).

Thus, we sever and affirm the take nothing judgments as to Gilbert Johnson d/b/a Johnson's Fleet Service. We reverse the judgments of the courts below as to General · Motors Corporation, and remand this cause for the purpose of a new trial.