INGERSOLL-RAND
COMPANY, Appellant,

v.

Jerry HARRINGTON, Appellee.

No. 09–89–222 CV.

Court of Appeals of Texas,
Beaumont.

Feb. 28, 1991.

Rehearing Denied March 21, 1991.

Arthur R. Almquist, Mehaffy & Weber, Beaumont, for appellant.

Joseph C. Blanks, Richard Clarkson, Reaud, Morgan & Quinn, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a product liability suit. Jerry Harrington sustained personal injuries while working in the course and scope of his employment as a pipefitter. Harrington was grinding a weld with a power tool described as a sander or grinder. The grinding disk lodged against the pipe and froze. When Harrington attempted to free it the grinder kicked back. The handle broke off and the grinding disk struck his face. Harrington sued Ingersoll–Rand, the alleged manufacturer and seller of the sander/grinder. The jury found for the plaintiff on the defective product and defective design issues but did not find negligence. The trial court entered judgment on the verdict for $55,979.23. Ingersoll–Rand raises twelve points of error.

Point of error one urges the trial court erred in denying Ingersoll–Rand's motion for judgment non obstante veredicto. Appellant contends a fact finding that the handle was manufactured or sold by Ingersoll–Rand was an essential element of Harrington's cause of action.

The party with the burden of proof has the duty to see that all essential elements of his cause of action are submitted to the jury. *Cameron County v. Velasquez,* 668 S.W.2d 776 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The following questions were submitted to the jury:

### Question 1

Was the power tool as supplied by Ingersoll–Rand Company [sic] unfit for the ordinary purpose for which such tools are used because of a defect? (instruction omitted)

### Question 2

Was the unfit condition of the Ingersoll–Rand Company power tool a proximate cause of the occurrence in question? (instruction omitted)

### Question 3

Was the Model J power tool defective at the time it left the possession of the

Ingersoll–Rand and was such a defect a producing cause of the occurrence in question? (instruction omitted)

## Question 4

Was the Model J power tool defectively designed at the time it was manufactured by the Defendant and was that defective design a producing cause of the occurrence in question? (instruction omitted)

■ The affirmative answers to these questions provide the finding that Ingersoll–Rand manufactured the power tool. The identity of the power tool is the ultimate issue because that is the product. The handle was attached to the power tool. If the tool was Ingersoll–Rand's product it does not matter if another company supplied the handle that came with it. An affirmative finding to each of these four questions necessarily included a finding that the handle was supplied by Ingersoll–Rand. They inquired of the condition of the power tool at the time it left the manufacturer. Had the jury believed the condition was the result of a subsequent alteration, the questions as propounded to the jury would compel a negative response because the product would not have been defective when it left the manufacturer. The jury did find the power tool was Ingersoll–Rand's product. Point of error one is overruled.

■ Point of error two complains the trial court erred in failing to submit its requested issue "Was the handle in question manufactured or sold by Ingersoll–Rand Company?" Appellant argues that this finding was essential to the plaintiff's case and could not be deemed found by the trial court because Ingersoll–Rand objected to its omission from the charge. The question is evidentiary and does not concern a vital element of the cause of action because the product Ingersoll–Rand is alleged to have manufactured and sold is the grinder/sander. The handle is merely a component part of the product. Furthermore, in the absence of a request for a subsequent alteration instruction it was not error for the trial court to omit such an instruction

from the charge. Tex.R.Civ.P. 278. Point of error two is overruled.

■ Points of error three through five claim the court erred in denying Ingersoll–Rand's motion for new trial because Questions 1, 3, and 4 constituted a comment on the weight of the evidence in that these questions "assumed that the handle in question was manufactured or sold by Defendant." The trial court shall not in its charge comment directly on the weight of the evidence of material and disputed facts. Tex.R.Civ.P. 277. Therefore, jury questions should be worded so as to avoid assuming the truth of material controverted facts. *Mooney Aircraft Corp. v. Altman*, 772 S.W.2d 540 (Tex.App.—Dallas 1989, writ denied).

A fundamental element of products liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury. *Gaulding v. Celotex Corp.*, 772 S.W.2d 66 (Tex.1989). However, in this case Harrington identified Ingersoll–Rand as the producer of the tool. A thorough review of the evidence reveals that Ingersoll–Rand did not contend the power tool was not their product. Their engineer said the product was designed by them as a sander, not a grinder. The engineer said they designed the handle with a solid handle, not a hollow handle, although the drawing he based his opinion on did not show a cross section. He could not say that if the handle was hollow that meant it was not an Ingersoll–Rand tool. Furthermore, he was not involved in shipping and never saw what was actually shipped to the customers. The original handle was lost after the accident. One witness testified the handle, broken in two pieces, had a bolt sticking out of one end and a hole in the other so the two parts fit together. Harrington testified he thought the hole went all the way through but wasn't sure. His co-worker testified they had all new grinders for this job. They took this tool new out of the box, with the handle, and used it every day. No one else used the grinder. They said this was an Ingersoll–Rand tool, as were all the tools on this job. None of

the evidence raises an inference that the power tool was not appellant's product.

The case was submitted to the jury in the form provided by STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES (1990) and expressly approved in *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984). In light of the totality of the circumstances, including the evidence introduced at trial and the entire charge, we find no reversible error.

Points of error six through eight complain the trial court erred in denying Ingersoll–Rand's motions for judgment non obstante veredicto and for directed verdict because there was no evidence of any defect in the handle and thus no evidence to support the jury's answers to Questions 1, 3, and 4. When considering legal sufficiency or "no evidence" points, we consider only the evidence, and reasonable inferences therefrom, which viewed in its most favorable light supports the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W. 2d 821 (Tex.1965). If there is any probative evidence to support the finding, the point must be overruled. *Id.*

Appellant argues Harrington's expert was unable to identify any defect in the handle. Again, the crucial issue is whether the power tool was defective, rather than just the handle. The handle broke off when the grinding mechanism caught and froze. Harrington and his co-worker testified they had the tool for about six weeks, they used it properly and only they used the tool. It was in the same condition it was in when new. Harrington's expert testified the tool was intended for heavy duty application. It was not fit for that purpose because, as designed and manufactured, the plastic handle attached to the tool with a short bolt would break off. Ingersoll–Rand's expert admitted that a grinder with a broken handle was not fit to use, a handle which broke off in ordinary use is unfit, and if a tool broke apart while in normal use it would have a defect. We find there was some evidence to support the jury's findings. Points of error six, seven, and eight are overruled.

Points of error nine through eleven aver the trial court erred in denying Ingersoll–Rand's motion for new trial because the jury's findings in answer to Questions 1, 3 and 4 that the sander was defective are "against the great weight and preponderance of the evidence." In a factual sufficiency challenge, we consider all of the evidence including that which is contrary to the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We may sustain a factual sufficiency point only if we determine that the finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* Ingersoll–Rand introduced evidence that the product was marketed as a sander but was used as a grinder. However, the grinder and the sander were identical products except for the attachments they came with. We find the evidence factually sufficient to support the jury's findings. Points of error nine, ten and eleven are overruled.

Point of error twelve urges the following:

The District Court erred in granting plaintiff's motion for new trial following the first trial in this case for the reason that the verdict of the jury in the first case was amply supported by the evidence and there was no evidence to the contrary and the grant of the new trial was a clear abuse of the court's discretion.

The motion for new trial was timely filed and the trial court granted the motion within its period of plenary power over the judgment. TEX.R.CIV.P. 329b. An order granting a new trial within that period is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Cummins v. Paisan Construction Co.*, 682 S.W.2d 235 (Tex.1984). Appellant concedes this point but argues the decision of the court of appeals shall be conclusive on all questions of fact brought before them on appeal. TEX. CONST. art. V, § 6. Appellant also argues its right to trial by jury is denied by the refusal to review the granting of the

motion for new trial. TEX. CONST. arts. I § 15 and V, § 10. Finally, appellant urges due course of law violation under TEX. CONST. art. I § 19. We find these claims to be without merit. The trial court may grant a motion for new trial in the interests of justice. *Champion International Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898 (Tex.1988). Appellant was not deprived of a jury trial. Nor were any of its substantive rights diminished by granting the motion. Point of error twelve is overruled and the judgment affirmed.

AFFIRMED.