In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-099 CV


____________________



BRYAN ROBIN AND MICHAEL AVERETTE, Appellants



V.



ENTERGY GULF STATES, INC., Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-157,188






OPINION



 Our Opinion of October 17, 2002, is withdrawn and this Opinion is substituted. 
Appellants' motion for rehearing is denied. 

 Bryan Robin and Michael Averette (appellants) appeal from a take-nothing
judgment. Appellants filed suit against Entergy Gulf States, Inc. (appellee) contending
appellee's negligence caused injuries sustained by appellants on October 11, 1996. On that
day, a mobile crane transporting a large piece of sheet metal came into contact with
energized, overhead power lines installed by appellee. Appellants were in direct physical
contact with the piece of sheet metal when the crane contacted the power line, and they
suffered severe injuries. The accident occurred while appellants were working for Volks
Constructors (Volks), a steel fabrication company, in Prairieville, Louisiana. 

 Appellee filed a motion to have Louisiana law applied as the governing substantive
law, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.031 (Vernon Supp. 2002), and
Tex. R. Evid. 202. The parties apparently litigated the choice of law issue extensively,
with the trial court ultimately granting appellee's motion. The trial court subsequently
notified all counsel that the issue of "employer fault" would be submitted to the jury, as
well as the liability of any other non-party tortfeasors, and that the fault would be
established proportionally. The trial court reasoned that the necessity for these jury
questions was dictated by Louisiana substantive law, as opposed to Louisiana civil
procedure. While the trial court considered this "the primary issue raised by this Court's
previous ruling that Louisiana substantive law would apply[,]" no complaint is presented
on appeal that the trial court erred in this regard.

 The parties agreed that a portion of the trial court's instructions concerning
Louisiana law would be provided to the jury orally, while the main part of the jury
instructions, including admonishments, the single legal definition of "proximate cause,"
and the jury questions, were provided in both oral and written form. (1) The jury was asked
to assess the fault of five individuals and companies in causing the accident, and to
determine the amount of the damages suffered by both appellants. The jury questions
asked about the conduct of both of the individual appellants, the appellee, and two non-party potential tortfeasors. The jury found appellants' employer, a non-party, solely at
fault in causing appellants' injuries, resulting in a take-nothing judgment. 

 Appellants' first issue asserts that the trial court's oral instructions on Louisiana law
incorrectly stated the duty of care owed by a utility company operating in Louisiana, (2) and
that the trial court erred in omitting various "correct" statements of Louisiana law in its
oral instructions to the jury. Their second issue essentially asserts that the verdict of the
jury in its answer to question one is manifestly unjust in light of the overwhelming weight
and preponderance of the evidence supporting appellee's negligence. 

 Both parties cite numerous Louisiana appellate court cases in support of their
respective positions on various facets of both issues. We apply the substantive legal
principles of Louisiana law. Nevertheless, we apply the Texas standards of appellate
review. We believe this to be the correct approach: applying the substantive law of
Louisiana, where the accident occurred, and the procedural law of Texas, where the case
was tried to a jury. 

 The Texas standard of appellate review of alleged jury charge error has been
described generally as an abuse of discretion standard. Steak & Ale of Texas, Inc. v.
Borneman, 62 S.W.3d 898, 904 (Tex. App.--Fort Worth 2001, no pet.). And generally,
a trial court is afforded even greater discretion when submitting jury instructions than
when submitting jury questions. Id.; Wal-Mart Stores, Inc. v. Middleton, 982 S.W.2d
468, 470 (Tex. App.--San Antonio 1998, pet. denied). The discretion afforded submission
of instructions is not absolute, however. See Tex. R. Civ. P. 277. Pursuant to Rule 277,
a trial court must submit instructions "as shall be proper to enable the jury to render a
verdict." "For an instruction to be proper, it must: (1) assist the jury, (2) accurately state
the law, and (3) find support in the pleadings and evidence. Tex. R. Civ. P. 277, 278[.]"
Borneman, 62 S.W.3d at 904-05. An instruction that misstates the law as applicable to the
facts, or one that misleads the jury, is improper. See generally Jackson v. Fontaine's
Clinics, Inc., 499 S.W.2d 87, 90 (Tex. 1973). So while the standard of review may be
stated generally as an abuse of discretion standard, the issue of whether terms are properly
defined or the instruction properly worded is a question of law reviewed de novo on
appeal. See Lee v. Lee, 47 S.W.3d 767, 790 (Tex. App.--Houston [14th Dist.] 2001, pet.
denied). The issue we confront first is whether the trial court's instructions accurately
stated Louisiana law, an issue of law we review de novo. See id. 

 In their appellate brief, appellants complain of charge error in the following
manner: "The court's charge contained the wrong standard of care for a utility company
operating in Louisiana. The court erroneously instructed the jury that 'mere compliance
with minimum safety standards may not, per se, relieve a utility company of its duty to
exercise reasonable care.'" [emphasis in original]. Appellant argues that the use of the
words "reasonable care" misstated the duty of the power company, since its duty was one
of "utmost care." Appellants also complain of the trial court's use of the word "practical"
rather than "practicable" in explaining the duty of utmost care. 

 We must examine the jury charge in its entirety, not merely a small portion out of
context. See Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n, 710 S.W.2d
551, 555 (Tex. 1986). The relevant portion of the trial court's oral jury instruction reads
as follows: 

 Substantive law of this case is governed by Louisiana law. Under the law
of Louisiana, I charge you that the defendant, Entergy Gulf States,
Incorporated, is not strictly or absolutely liable for injuries occurring in
connection with its electric facilities and the defendant electric company
cannot be found liable to the plaintiffs unless the plaintiffs have proven by
a preponderance of the evidence that the defendant electric company was
guilty of negligence or fault and that such negligence or fault was a legal
cause of the plaintiffs' injuries. 


 A power company which maintains and employs high power lines,
however, is required to exercise the utmost care to reduce hazards to life as
far as practical. As such, a power company is required to recognize that its
conduct involves the risk of harm to another if a reasonable person would do
so while exercising such attention, perception of the circumstances, memory,
knowledge of other pertinent matters, intelligence and judgment as a
reasonable electric utility would have. 


 The standard becomes, in other words, that of a reasonable person with
superior attributes. If it should be reasonably anticipated by the electric
utility that persons may come into contact with its electric lines, the utility
is required to insulate them or to give adequate warning of the danger or to
take other proper and reasonable precautions to prevent injury in order to
satisfy its duty of utmost care. 


 We find no error by the trial court in its explanation of applicable Louisiana law. 
First, we note that substantially similar wording was used in a charge approved in Fleniken
v. Entergy Corp, 780 So.2d 1175, 1184 (La. App. 1st. Cir. 2001), which specifically
included the word "practical" in lieu of appellants' preference for the word "practicable." 
Second, the Louisiana Supreme Court has explained the "utmost care" duty of a power
company in terms of how a "reasonable person with superior attributes" would act under
similar circumstances. See Levi v. Southwest La. Elec. Membership Coop., 542 So.2d
1081, 1084 (La. 1989). The trial court's instruction tracks this explanation and properly
defines the power company's duty of utmost care in the context of the standard of conduct
to be expected, under similar circumstances, of a reasonable person with the superior
attributes of an electric utility.

 We note that Louisiana has rejected absolute liability as a theory of recovery to be
imposed upon an electric utility company. See Kent v. Gulf States Util. Co., 418 So.2d
493, 499 (La. 1982). "[A]n electric utility is not required to guard against situations which
cannot reasonably be expected or contemplated." Hebert v. Gulf States Util. Co., 426
So.2d 111, 114 (La. 1983) (citing Simon v. Southwest La. Elec. Membership, 390 So.2d
1265, 1267 (La. 1980)). Also, we note that the Louisiana Supreme Court has explained
the legal duty of a power company using the phrase "reasonable care" in the following
manner: 

 The legal duty under one approach and the standard of conduct under the
other impose the same obligation, viz., when the power company realizes or
should realize that the transmission of electricity through its line presents an
unreasonable risk of causing physical harm to another, it is under a duty to
exercise reasonable care to prevent the risk from taking effect.


Levi, 542 So.2d at 1084. From these principles, we conclude that, while a utility company
owes a duty of utmost care in Louisiana, the duty necessarily is tempered by an element
of reasonableness. Louisiana law does not require irrational conduct, nor does it impose
absolute liability without regard to what a reasonable person with a power company's
superior attributes would do under similar circumstances. In essence, this is what the trial
court told the jury. We conclude the trial court did not err in providing the instructions
to the jury contained in the record before us.

 Appellants also appeal the trial court's refusal to submit four additional and
alternative oral instructions on Louisiana substantive law: their requested instructions
seven, eight, nine, and ten. As noted above, trial courts have considerable discretion in
deciding what instructions are necessary and proper to include in the charge to the jury. 
See State Farm Lloyds v. Nicolau, 951 S.W.2d 444, 451 (Tex. 1997); Tex. R. Civ. P. 277. 
Even correct statements of the law should not be submitted if unnecessary. See Acord v.
General Motors Corp., 669 S.W.2d 111, 114-16 (Tex. 1984). We need not consider
whether appellants' requested instructions were correct statements of the law, or whether
they would have been comments on the weight of the evidence if given to the jury. As the
trial court correctly instructed the jury on the legal duty owed by a power company under
Louisiana law, any additional instruction was unnecessary. Appellants' first issue is
overruled. 

 Appellants next question the existence of factually sufficient evidence to support the
jury's verdict. When a party with the burden of proof attacks the jury's adverse finding
on a factual sufficiency ground, the party's initial burden on appeal is to demonstrate that
the adverse finding is against the great weight and preponderance of the evidence. Dow
Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). The reviewing court examines
the record to determine if there is some evidence to support the finding; if so, the
reviewing court then must determine, in light of the entire record, whether the finding is
nevertheless so contrary to the overwhelming weight and preponderance of the evidence
as to be clearly wrong and manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986). As a reviewing court, we are mindful that the jury simply may not have been
convinced, by a preponderance of the evidence, of the truth of the fact asserted by the
party with the burden of proof. See Herbert, 754 S.W.2d at 144. A reviewing court may
not reverse the judgment simply because the court concludes that the evidence weighs
toward an answer more favorable to the appellant. Id. A Texas appellate court is not a
finder of fact. 

 In the instant case, a number of witnesses testified in the fields of electrical
engineering, employer safety responsibilities, and public utilities; whether appellee and
Volks complied with appropriate standards were subjects of considerable testimony. 
Witnesses testified that Volks violated numerous safety requirements. Also, testimony was
presented that, some time after a 1993-1994 expansion of the Volks' facility was complete
but before the accident, Volks requested a cost-estimate from appellee to place the
overhead power lines underground. This request was made to appellee's engineering
associate, Calvin David Bowman. Bowman worked up an estimate, contacted a Volks
representative and provided the cost. Volks apparently did not respond one way or the
other at that time, but later contacted Bowman and again requested a cost-estimate for
burying the power lines. Bowman again visited the Volks facility, returned to his office
and worked-up a new cost-estimate. Bowman again called Volks with the re-worked
estimate and Volks' responded by indicating that the expense was too great. The power
lines were not buried at that time. Bowman subsequently discarded the files dealing with
both contacts with Volks prior to the accident. 

 The jury was free to believe or disbelieve any witness or any portion of a witness'
testimony. Testimony was presented by each party which effectively contradicted or
neutralized testimony presented by its opponent; the jury was required to determine the
credibility of the witnesses. For example, appellants' presented evidence that prior to the
1993-1994 expansion, Volks' specifically asked appellee about burying the power lines in
question, but was told by appellee that the equipment to bury the lines was not available. 
Nevertheless, the jury could have rejected this testimony entirely. Appellants' own expert
witness said he doubted a power company would not have the necessary equipment. The
jury reasonably could have accepted Calvin Bowman's testimony with regard to Volks'
rejection of the burial of the power lines. From Bowman's testimony, coupled with other
testimony that under Louisiana law a power company is not permitted to pass un-reimbursed installation/delivery costs on to its non-benefitting customers, the jury
reasonably could have concluded that Volks' refusal to pay for the burial of the lines only
months prior to the accident was a determinative factor. From the evidence presented, the
jury reasonably could have concluded Volks' negligence, including its veto of the burial
of the line, was the sole cause of the accident. We conclude the jury's findings are not
contrary to the overwhelming weight and preponderance of the evidence. Appellants'
second issue is overruled. 

 The judgment of the trial court is affirmed. 

 AFFIRMED. 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 4, 2002

Opinion Delivered November 21, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION


 I respectfully dissent to the majority's resolution of the sufficiency of the evidence
issue. The majority states: "From the evidence presented, the jury reasonably could have
concluded Volks' negligence, including its veto of the burial of the line, was the sole cause
of the accident." I am afraid the majority does not fully appreciate the legal duty of a
power company under Louisiana law. In Hebert v. Gulf States Utilities Co., 426 So.2d
111, 114-15 (La. 1983)(citations omitted), Justice Cologero (3) stated:

 Electric transmission companies which maintain and employ high
power lines are required to exercise the utmost care to reduce hazards to life
as far as practicable. However, an electric utility is not required to guard
against situations which cannot reasonably be expected or contemplated.


 . . . .


 . . . The three-fold duty of the utility in cases where injury is easily
associated with the transmission of electricity over high power lines, as set
forth in Simon [ v. Southwest La. Elec. Membership Corp., 390 So.2d 1265
(La. 1980)], is (1) to insulate the lines, or (2) to warn adequately of the
danger, or (3) to take other proper and reasonable precautions to prevent
injury. . . .


 Later the Louisiana Supreme Court, in Levi v. Southwest Louisiana Electric
Membership Cooperative, 542 So.2d 1081, 1084-85 (La. 1989)(citations omitted),
commented further on the duty of utmost care:



 Pursuant to this duty, a power company has an obligation to make reasonable
inspections of wires and other instrumentalities in order to discover and
remedy hazards and defects. Consequently, a company will be considered
to have constructive knowledge of an electrical hazard which has existed for
a period of time which would reasonably permit discovery had the company
adequately performed its duties. 


 An Entergy employee testified that as early as 1979 Entergy knew cranes were to
be used in the yard. The fact that Volk would not pay for burial of the lines in the 1993-1994 expansion does not relieve Entergy of their duty to both inspect the facilities for
potential hazards and to properly insulate the lines by isolation, i.e. raise the lines above
the height of cranes. There are many Louisiana cases recognizing this duty and finding
utility companies negligent for failing to recognize the danger of low lines and failing to
remedy the danger. See Fleniken v. Entergy Corp., 780 So.2d 1175 (La. Ct. App.), writ
denied, 793 So.2d 1250 (La. 2001); Ayres v. Beauregard Elec. Coop., 663 So.2d 127 (La.
Ct. App.), cert. denied, 664 So.2d 455 (La. 1995); Duncan v. La. Power & Light Co.,
594 So.2d 1119 (La. Ct. App.), cert. denied, 600 So.2d 644 (La. 1992); LaJaunie v.
Central La. Elec. Co., 552 So.2d 746 (La. Ct. App. 1989), cert. denied, 558 So.2d 1130
(La. 1990); and Horton v. Valley Elec. Membership Corp., 461 So.2d 375 (La. Ct. App.
1984).

 Here the jury's failing to attribute any negligence (4) whatsoever to Entergy is clearly
against the great weight and preponderance of the evidence. I would reverse and remand
for a new trial.



 DON BURGESS

 Justice


Dissent Delivered

November 21, 2002

Publish

















 
1. Tex. R. Civ. P. 271 provides: "Unless expressly waived by the parties, the trial
court shall prepare and in open court deliver a written charge to the jury."
2. It is not entirely clear that appellants preserved their "erroneous instruction"
complaint for appellate review as the record is silent as to any specific objection to the trial
court's oral instruction on Louisiana substantive law. See M.N. Dannenbaum, Inc. v.
Brummerhop, 840 S.W.2d 624, 631 (Tex. App.--Houston [14th Dist.] 1992, writ denied)
("To preserve such complaints, Rule 274 requires only that the objecting party point out
distinctly the objectionable matter and the grounds of the objection. Tex. R. Civ. P.
274."). 
3. Now Chief Justice of the Court.
4. It would be improper for me to suggest what percentage of negligence should be
assigned, but certainly greater than zero.